**EL PASO DRIVE–IN CAFES, INC.,**
**Appellant,**

v.

**L. A. WILSON, Appellee.**

**No. 6160.**

Court of Civil Appeals of Texas,
El Paso.

April 28, 1971.

**202**

Hardie, Grambling, Sims & Galatzan, Malcolm Harris, El Paso, for appellant.

Malcolm McGregor, Philip T. Cole, El Paso, for appellee.

## OPINION

RAMSEY, Chief Justice.

This is a suit brought by L. A. Wilson, plaintiff-appellee, against El Paso Drive-In Cafes, Inc., defendant-appellant, for injuries and damages sustained by plaintiff on defendant's premises. Based upon a jury verdict, judgment was entered for plaintiff in the sum of $3,500.00. Defendant has perfected this appeal. The parties will be designated as in the trial court.

Defendant operated a drive-in eating establishment. Plaintiff was a business invitee and entered the premises. The drive-in had a metal awning which was an addition made on the premises after its original construction. The awning was supported by metal columns bolted to a concrete base or collar that protruded above a footing. The footing was a larger, concreted area used to support the collar and metal posts. The drive area was asphalt. The concrete footing was slightly elevated above the asphalt level where plaintiff allegedly fell due to the fact that the drive area in that direction was sloping. Plaintiff testified that his left foot turned on the slightly elevated footing, causing him to fall forward, and in so doing he struck his right shoulder on the metal column, resulting in his injuries. In response to the special issues submitted, the jury found that plaintiff tripped and fell on the concrete footing, resulting in injuries to his body; that the maintenance of the concrete footing was negligence and proximate cause of his injuries; that defendant failed to warn him, which was negligence and proximate cause; that plaintiff did not fail to keep a proper lookout; that the condition was not open and obvious and there was no unavoidable accident.

Defendant, in its Points of Error 1 and 2, complains of Special Issues numbered 1, 3 and 5, submitted by the trial court, on the grounds that each assumes a controverted fact issue; i. e., that there was a concrete footing extending above the

asphalt paving and that such issues contain duplications and multifarious factual inquiries. Plaintiff, in his counter-points 1 and 2, urges the court not to consider defendant's first two points for the reason that they are multifarious. Defendant's Point of Error 2 complains of the three special issues, merely stating that "same contain duplications and multifarious factual inquiries" with no further elaboration. We hold that appellant's Point of Error number 2 is indefinite and general and not in compliance with Rules 321, 322 and 324, Texas Rules of Civil Procedure and is overruled.

■ However, defendant's Point of Error No. 1 is definite as to the assigned error being common to all three Special Issues 1, 3 and 5 and therefore certain, even though all three are complained of in one point of error. When there is sufficient certainty, the court should consider such point. Keystone-Fleming Transport v. City of Tahoka, Tex.Civ.App., 315 S.W.2d 656 (ref. n. r. e.).

■ The assumption in a special issue of a controverted fact constitutes a comment on the weight of the evidence, and is error. Johnson v. Zurich General Accident & Liability Ins. Co., 146 Tex. 232, 205 S.W.2d 353 (1947). The error may be harmful or harmless. If the error was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment, then it is harmful and constitutes reversible error. Bradshaw v. McDonald, 147 Tex. 455, 216 S.W.2d 972 (1949). Even though an error may be apparent, yet the determination is one for the reviewing court to decide whether or not it is harmful from a consideration of the record as a whole. Texas Power and Light Co. v. Hering, 224 S.W.2d 191 (Tex.Sup.Ct.1949). If the fact assumed in the special issue is not disputed or controverted, then there is no error. Bryant v. Banner Dairies, Tex.Civ.App., 255 S.W.2d 271 (ref. n. r. e.); Moses v. Adams, Tex. Civ.App., 428 S.W.2d 131 (ref. n. r. e.); Shaw Tank Cleaning Co. v. Texas Pipeline

Co., Tex.Civ.App., 442 S.W.2d 851 (ref. n. r. e.).

The plaintiff alleged the negligence of the defendant in maintaining the lot area with the concrete footing extending above the asphalt covering. Plaintiff testified: "As I came between these cars, I stepped on the edge of the footing that projected slightly above the asphalt topping * * *". Plaintiff notified the manager of defendant's concern at the time. Three days later, plaintiff gave a written statement to defendant's insurance adjuster containing substantially the same information. Plaintiff's testimony at the trial was very explicit, both on direct and cross examination, as to the alleged defect in the premises of which plaintiff was complaining. A deposition of Patrick Benson, the manager of defendant's business at the time of the occurrence, substantiated plaintiff's account. He was also manager of the business when the metal awning was installed, such awning and supporting steel columns having been placed on the premises to replace a canvas awning. He also testified as to the construction of the base being more or less even with the asphalt, stating: "In part of it, it's even, and on the south side, it's a little above there, because there's a slope in the land." Elmer Poulson, the original owner of the premises, who later incorporated, and is the owner of the defendant company, also testified that the manner of construction of the awning foundation on the south side was due to the sloping terrain. He further testified that the asphalt was below the top of the footing, and that the footing and collar supporting the metal column were made of concrete. Plaintiff introduced photographic exhibits which clearly show a raised area which even the defendant's attorney referred to as an "unevenness" in the pavement. The area complained of by the plaintiff is easily visible in the photographic exhibits, though Mr. Poulsen did not recognize Exhibits 5 and 6 as the footing in question. Nevertheless, the exhibits were admitted in evidence without objection, and plaintiff testified that the area in

question was shown in the exhibits. There is some difference in the nomenclature used by the parties and counsel when referring to the various parts of the foundation structure. Yet, the testimony appears sufficiently clear, especially accompanied by the photographic exhibits, so that the jury should not have been misled or misinformed. We are aware that, in Bryant v. Banner Dairies, supra, Moses v. Adams, supra, and Shaw Tank Cleaning Co. v. Texas Pipeline Co., supra, the alleged error in each case was not properly perfected. Here, the alleged error was timely and properly brought to the court's attention and adequately preserved.

■ From a careful review of the entire record, we conclude that it was undisputed that the concrete footing or foundation caused an unevenness or slightly raised edge which was necessitated due to the slope in the parking area. Having reached this conclusion, such assumption in the issue submission would obviate error. Defendant's Point No. 1 is overruled.

■ Defendant's Point 3 additionally complains of the generality and the global nature of the submission of Special Issue No. 3, as constituting a general charge. The issue is as follows:

"Do you find from a preponderance of the evidence that the maintaining of the lot area with the concrete footing extending above the asphalt paving at the point where the plaintiff, L. A. Wilson, fell, if you have so found, was negligence as that term is herein defined?"

Appellee had pleaded an act of negligence in the following language: "In maintaining the lot area with the concrete footings extending above the asphalt covering."

Appellant relies on Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517 (1922); City of Fort Worth v. Lee, 143 Tex. 551, 186 S.W.2d 954 (1945); and Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99 (1953). A careful review of these cases tends to support the submission of the issues as framed by the trial court. The use of the word "maintaining", in itself, accompanied by the particular condition on the premises complained of, satisfies the requirement against general or global submissions. An analogous situation is to be found in H. E. Butt Grocery Company v. Quick, Tex.Civ. App., 442 S.W.2d 798 (ref. n. r. e.). There, the court held that the use of the terms "permitted the ramp to become slick and slippery", and "failing to remedy" slick and slippery condition, were not objectionable as being global or general. Under the state of the record, we hold that the submission of Special Issue No. 3 is based on the written pleadings and the evidence introduced, and is a proper submission of a controlling, ultimate fact issue as contemplated by Rule 279, T.R.C.P. Point number 3 is therefore overruled.

■ Defendant's Points 4, 5 and 6 complain of submission of issues on appellant's failure to warn. Defendant cites as the basis for error the reasons that the issues assume the existence of a duty to warn and the omission of a factual circumstance giving rise to such a duty. Appellant argues the necessity of submitting a question of hidden danger or defect as a prerequisite to submitting an issue on failure to warn. The existence or non-existence of a hidden danger is not the ultimate controlling factor. Since Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.Ct.1963), the test is held to be subjective; that is, whether or not the condition was known to and appreciated by the injured party. This, of course, is not totally dependent on a subjective standard to the extent that reason and common sense must be completely ignored. Charged knowledge and appreciation can be ruled as a matter of law. Wesson v. Gillespie, 382 S.W.2d 921 (Tex.Sup.Ct. 1964). In the case considered here, this was the first time the plaintiff had entered the premises from the south. The jury found that the maintenance of the lot in its condition was negligence and proximate

cause. The jury also found that the condition was not open, obvious and apparent to the appellee. Under the Halepeska case, supra, the law relating to it is stated:

"The 'no duty' doctrine is this: the occupier of land or premises is required to keep his land or premises in a reasonably safe condition for his invitees. This includes a duty of the occupier to inspect and to discover dangerous conditions. Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 20 A.L.R.2d 853 (1950); Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543 (1962). His duty is to protect his invitees from dangers of which he, the occupier, knows, or (because of his duty to inspect) of which he *should* know in the exercise of ordinary care. If there are dangers which are not open and obvious, he is under a duty to take such precautions as a reasonably prudent person would take to protect his invitees therefrom or to warn them thereof. * * *"

It might be more logical to submit the open and obvious issue before the failure to warn issues. Yet, the trial court can submit the issues in such order as it desires, and no complaint was made as to their order of submission. We hold the action of the trial court reveals no error in regard to defendant's Points 4, 5 and 6, and they are overruled.

▮ Defendant's seventh point complains of the damage issues submitted, since the instruction does not limit the amount recoverable to those damages "proximately" resulting from the occurrence. The issue was taken from Texas Pattern Jury Charges (State Bar of Texas, 1969), 11.03. The committee preparing the pattern charges purposely omitted the word "proximately", as shown in an explanatory note, based on the reasoning in Cowden Cab Company v. Thomas, Tex.Civ.App., 425 S.W.2d 886 (ref. n. r. e.); Yellow Cab Co. v. Underwood, Tex.Civ.App., 144 S.W.2d 291 (wr. dism.). Since the element of "foreseeability" is the principal constitu-

ent legal implication in the definition of "proximate cause", it is necessary that it be applied to the alleged acts of negligence to impose liability on any tort feasor. Yet, this having been established, the tort feasor then becomes liable for any damages or injuries resulting therefrom. It is not necessary that a tort feasor foresee the effect of injuries or damages arising from a negligent act, since it is liable whether or not they are foreseen. Therefore, the inclusion of "proximate" or "proximately", though proper in a damage issue, is not necessary as long as the damages are limited to those resulting from the occurrence giving rise to liability. Standard Paving Co. v. Pyle, Tex.Civ.App., 131 S.W.2d 200. We hold that the issue submitted properly limits the issue of damages to those resulting from the occurrence in question, and Point 7 is overruled.

For the foregoing reasons, judgment of the trial court is affirmed.