Travis B. CAMPBELL and T.B. Campbell, Inc., Appellant,

v.

Larry DOHERTY, Appellee.

No. 14–94–00243–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 11, 1995.

Rehearing Overruled June 22, 1995.

Kevin J. Keith, Dallas, for appellant.

Byron Lee, Chris E. Ryman, Houston, for appellee.

Before YATES, FOWLER and JUNELL * (Retired), JJ.

## OPINION

JUNELL, Justice (Retired).

This is an appeal from a summary judgment in favor of appellee, Larry Doherty, in a legal malpractice case arising from his representation of a homebuilder in a suit against Monsanto Company over the Brio Superfund site. Appellants assert three points of error. We affirm the judgment of the trial court.

Homeowners in the Southbend subdivision filed suit against the homebuilders, the developers, and Monsanto for damages allegedly caused by the disposal of hazardous waste at the Brio Superfund site. Appellant, T.B. Campbell, Inc.,[1] one of the homebuilders in the Southbend subdivision, intervened as a cross-plaintiff in the suit by the homeowners against Monsanto. After intervening, appellants, Travis B. Campbell and T.B. Campbell, Inc., hired appellee, Larry Doherty, to represent them. The homeowners, homebuilders, and developers settled their claims and agreed to cooperate in pursuing Monsanto. As part of the settlement, the homeowners entered into a Mary Carter agreement with Farm & Home Savings and Ayrshire Corporation, the developers of the subdivision. Appellant, a homebuilder, was not a party to the Mary Carter agreement.

The homeowners, homebuilders, and developers went to trial against Monsanto in a case styled *James L. Slaughter, et al v. Monsanto Company.* Prior to the voir dire of the jury in the *Slaughter* case, the trial judge instructed the jury concerning cooperation among the parties and the Mary Carter agreement. During trial, Monsanto attempted to refer to appellants as participants in the Mary Carter agreement. Appellee objected to these references by Monsanto's counsel. After a trial that lasted several months, the jury refused to award damages to appellant on its claims against Monsanto. In this suit, appellants contend that appellee's negligence in handling references to the

---

* The Honorable William E. Junell sitting by assignment. ·

1. Appellant, Travis B. Campbell, is the president and sole shareholder of T.B. Campbell, Inc.

Mary Carter agreement caused the jury's refusal to award damages.

Appellants alleged that appellee committed legal malpractice by negligently intervening in the homeowner's suit because of the Mary Carter agreement, negligently failing to sever the cause of action once he knew of the Mary Carter agreement, negligently failing to object to mention of the Mary Carter agreement, and negligently failing to preserve error concerning the instruction on the Mary Carter agreement.[2] Appellee filed a motion for summary judgment and included his own affidavit and the affidavit of Terry Fitzgerald stating that appellee did not commit legal malpractice. In his affidavit, appellee explained why he did not object to the jury instruction and showed that the trial judge sustained his objections to Monsanto's attempts to characterize appellant as a party to the Mary Carter agreement.[3] Appellant responded to the motion for summary judgment with an affidavit by his attorney, Steve Bryant. The trial court granted appellee's motion for summary judgment without specifying a particular ground for its decision.

■■■ In his first point of error, appellant contends the trial court erred in granting appellee's motion for summary judgment because there were genuine issues of material fact concerning appellee's negligence, causation and damages. The standard to be followed in reviewing a summary judgment is well established. The movant for summary judgment must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Evidence favorable to the non-movant will be taken as true and every reasonable inference must be indulged in favor of the non-movant. *Id.* When a

summary judgment does not specify the grounds upon which the trial court granted it, the reviewing court will affirm the judgment if any one of the theories advanced in the motion is meritorious. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993).

■■■ An attorney malpractice action in Texas is based on negligence. *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex.1989). A lawyer in Texas is held to the standard of care which would be exercised by a reasonably prudent attorney. *Id.* If an attorney makes a decision which a reasonably prudent attorney **could** make in a same or similar circumstance, the attorney does not act negligently, even if the result is undesirable. *Id.* Appellant's summary judgment affidavit by Steve Bryant states that a reasonably prudent attorney would not permit his client to be improperly identified as a party to a Mary Carter agreement. Appellant contends that the trial court improperly identified appellant as a party to a Mary Carter agreement in an instruction to the jury prior to voir dire and that appellee negligently failed to properly object to the instruction.[4] The instruction stated:

> The plaintiffs in this case now own or did own houses in the Southbend Subidivision [sic], have entered into agreements with Farm & Home Savings Association and Ayrshire Corporation, the two companies that developed the Southbend Subdivision, and with Pulte Home Corporation, Ryland Group, Inc., T.B. Campbell, Inc., Park Avenue Homes, Inc., and Donald Bauer [sic], all of whom built and sold homes in the Southbend Subdivision, whereby the developers and homebuilders have paid the plaintiff homeowners a sum of money and have agreed to pay them more money in

**2.** Appellant does not appeal on his causes of action concerning negligent intervention and negligent failure to sever because appellee was not appellant's counsel at the time appellant intervened in the homeowner's suit.

**3.** Appellant asserts that appellee's affidavits were insufficient to support summary judgment as a matter of law because they only stated legal conclusions. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991). Doherty's affidavit, however, was not conclusory and contained detailed evidence

and reasoning to show he did not commit legal malpractice. Doherty also included the affidavit of Terry Fitzgerald to support his conclusions. These affidavits were sufficient summary judgment evidence.

**4.** Appellant cites our opinion of *Barras v. Monsanto*, 831 S.W.2d 859, 863–65 (Tex.App.—Houston [14th Dist.] 1992, writ denied), for the proposition that appellee did not preserve error concerning the jury instruction.

the future regardless of the verdict in this case.

In exchange for those payments, the plaintiff homeowners have dismissed the claims they were asserting against the developers and homebuilders.

As part of those agreements, the plaintiff homeowners and Farm & Home Savings Association and Ayrshire Corporation, along with Pulte Home Corporation, Ryland Group, Inc., T.B. Campbell, Inc., Park Avenue Homes, Inc. and Donald Bauer [sic] have agreed to cooperate in the pursuing of this lawsuit against Monsanto.

In the event it is ultimately decided in this case that the plaintiff homeowners are entitled to receive any money from Monsanto, that money will be shared between the plaintiff homeowners on the one hand and Farm & Home Savings on the other hand.

The four parts of the instruction are legally correct statements and appellee had no reason to object to it. The third paragraph of the instruction accurately states that the homebuilders and homeowners agreed to cooperate in pursuing Monsanto. The fourth paragraph of the instruction explains the Mary Carter agreement, stating "[if] the plaintiff **homeowners** are entitled to receive any money from Monsanto, that money will be shared between the plaintiff **homeowners** on the one hand and Farm & Home Savings on the other hand." The instruction did not state that Farm & Home and Ayrshire had a financial stake in appellant's recovery, and clearly limits the Mary Carter agreement to the homeowners. Appellee did not have a proper objection to this instruction, and was not negligent in failing to object to this instruction.

Appellee could have asked for an additional instruction specifically stating that appellant had not entered into a Mary Carter agreement with Farm & Home and Ayrshire. Appellee, however, was not negligent in failing to ask for an additional instruction when the original instruction was legally and factually correct. A reasonably prudent attorney could have made the decision not to ask for an additional instruction. Appellee did not commit legal malpractice in his handling of the jury instruction concerning the Mary Carter agreement.

■ Appellee also objected during trial to Monsanto's attempts to characterize appellant as a party to the Mary Carter agreement. When Monsanto's counsel stated, "the homebuilders and the developers in that agreement decide to team up—," appellee objected, stating that Monsanto's statement was outside the record. The trial court sustained this objection. When Monsanto's attorney continued in his attempts to include appellant in the group of builders who signed the Mary Carter agreement, appellee objected and stated, "I would further object that my clients, the homebuilders, are not a proper party to that statement." The trial court sustained that objection, preventing Monsanto from characterizing appellant as a party to the Mary Carter agreement. Appellee acted as a reasonably prudent attorney when contesting Monsanto's attempts to improperly characterize appellant.

Appellee has conclusively shown he never allowed an improper identification of his client as a party to the Mary Carter agreement. Appellant presents no evidence to show an improper identification or any other incident when appellee did not act as a reasonably prudent attorney. The evidence presented in the motion for summary judgment and the response shows that there is no fact issue concerning appellee's negligence in his representation of appellant. The trial court properly granted summary judgment on this ground.

In his second and third points of error, appellant contends the trial court erred in granting summary judgment on the ground that appellee cannot pursue his claim because of judicial estoppel or, alternatively, because the trial court erred by granting summary judgment on the "loss of chance" doctrine. Because the summary judgment does not specify the grounds upon which it was granted, we affirm the judgment if any one of the theories advanced in the motion is meritorious. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d at 380. Because the trial court properly granted summary judgment on the ground that there was no fact issue

concerning appellee's negligence, we do not address the second and third points of error.

We affirm the judgment of the trial court.