Affirmed and Opinion filed November 21, 2002














Affirmed and
Opinion filed November 21, 2002.

                                                                              

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-00649-CV

_______________

 

RICHARD M.
LOPEZ, Appellant

 

V.

 

SAM M. YATES, III, Appellee

_____________________________________________________________

 

On Appeal from
the County Civil Court at Law No. 2

Harris County, Texas

Trial Court
Cause No. 728,103

_____________________________________________________________

 

O P I N I O N

            Appellant Richard M. Lopez appeals
from a summary judgment granted in favor of appellee
Sam M. Yates, an attorney who had represented Lopez.  In six issues, Lopez contends (1) the summary
judgment was not an appealable order; (2) the trial
court erred in granting summary judgment on causes of action not addressed in
the motion for summary judgment; (3) Yates failed to conclusively establish his
affirmative defense of limitations;  (4)
genuine issues of material fact preclude traditional summary judgment; (5)
Lopez’s evidence precludes no evidence summary judgment; and (6) summary
judgment is precluded because the element of causation is usually a question of
fact.  We affirm.




I.  Background

            Lopez paid Yates a $750 retainer
fee.  Lopez referred five litigation
matters to Yates.  Subsequently, Lopez
discovered that (1) two of his cases were barred by the statute of limitations;
(2) Yates failed to account for all the work performed; (3) Yates failed to
communicate or forward copies of pleadings; and (4) Yates failed to provide
monthly invoices detailing tasks performed.

            Lopez sued Yates for breach of
contract, violation of the Deceptive Trade Practices Act (DTPA), and legal
malpractice.  One of Lopez’s chief
complaints was that Yates allowed the statute of limitations to run on two of
the five cases.

            After a visiting judge denied the
first motion for summary judgment, Yates filed his second motion for summary
judgment and motion to sever, which the presiding trial judge granted.  Lopez then untimely filed his response to
Yates’s summary judgment motion and failed to attach counter affidavits or other
proof.  Subsequently, the trial court signed
a second order granting summary judgment, disposing of all issues without
granting the motion for severance.[1]  Thereafter, the trial court granted Lopez’s
motion for leave to file a response to Yates’s motion for summary judgment.[2]  Lopez then filed his second response to
Yates’s motion for summary judgment and attached, among other things, an
affidavit from an attorney who opined that Yates breached the standard of care
for attorneys in Houston and that
such breach directly and proximately caused Lopez’s damages. 

            Lopez brings six points of error,
arguing that this appeal is interlocutory, that we do not have jurisdiction to
decide it, and that the trial court erred in granting summary judgment for
Yates.

II.  Interlocutory Summary
Judgment?

            In his
first issue, Lopez contends that the second order granting Yates’s motion for
summary judgment is not final for two reasons. 


            First, Lopez argues that the second
order is interlocutory because the trial court’s decision to grant leave to
file an amended response to Yates’s summary judgment motion “is tantamount to a rehearing” on the summary judgment issued nearly
a month earlier.[3] 

            Texas Rule of Civil Procedure
166a(c) provides, in part: “[e]xcept on leave of court, the adverse party not later than
seven days prior to the day of the hearing may file and serve opposing
affidavits or other written response.”  Tex.
R. Civ. P. 166a(c).  Under this rule, the trial court clearly has discretion to allow late filing of
opposing proof any time before the
signing of the summary judgment.  Travelers Constr.,
Inc. v. Warren Bros. Co., 613
S.W.2d 782, 785 (Tex. Civ. App.—Houston [14th Dist.]
1981, no writ) (holding it is within the trial court’s discretion to allow the
late filing of opposing proof or to consider any late-filed answer at any time before the signing of the
summary judgment).  Conversely, in the
instant case, the trial court granted Lopez’s motion for leave to file an
amended response after the trial
court had signed the summary judgment. 
At this point, the trial court no longer had discretion to allow late
filing of opposing proof.  See Nava,
700 S.W.2d at 670.  Accordingly, we find
the trial court’s decision to grant leave to file an amended response does not
render the summary judgment interlocutory.

            Second, Lopez argues that because
Yates did not intend his motion for summary judgment to result in a final
summary judgment on all Lopez’s claims—insofar as the motion only addressed the
legal malpractice claims and included a motion to sever—the second summary
judgment order is interlocutory.  Lopez
further argues this interlocutory summary judgment was not made final for
purposes of appeal because the trial court did not grant a severance.  Finally, Lopez argues that we must decide the
finality of the summary judgment by determining the court’s intention as
indicated by the language[4] in
the decree and with reference to the entire record, perhaps informed by the
parties’ conduct. 

            An appeal may be taken only from a
final judgment.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex.
2001).  A judgment is final if it
disposes of all pending parties and claims in the record.  Guajardo
v. Conwell, 46 S.W.3d 862, 863–64 (Tex. 2001)
(citing Lehmann,
39 S.W.3d at 195).  An order or judgment
is not final for purposes of appeal unless it actually disposes of every
pending claim and party or unless it contains language that clearly,
unequivocally, and finally disposes of all claims and all parties.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex.
2001).  An order that does not dispose of
all issues and parties is interlocutory and not appealable,
absent a severance.  Mafrige v. Ross, 866 S.W.2d 590, 591 (Tex. 1993), overruled on other grounds, Lehmann, 39
S.W.3d at 204. 

            Here, the trial court granted
summary judgment as to all claims between
the only existing parties.  Because there
are no causes of action not disposed of by the summary judgment, we find it was
not interlocutory and, therefore, severance was not necessary for the order to
become final and appealable.  Accordingly, we conclude that this Court has
jurisdiction and may address the merits of this appeal.

            We overrule Lopez’s first issue.

III.  Summary Judgment on
Malpractice Claim

            In his fifth and sixth issues, Lopez
challenges the no evidence summary judgment. 
Yates filed a motion for summary judgment based on both traditional and
no evidence grounds.  Colson v. Grohman,
24 S.W.3d 414, 420 (Tex. App.—Houston [1st
Dist.] 2000, pet. denied) (discussing hybrid motion).  In the no evidence portion of the motion,
Lopez’s primary contention was that Yates failed to present expert testimony
showing Lopez’s actions caused Yates’s injury.

            The trial court granted Yates’s
motion and entered a written order that does not express specific grounds for
the summary judgment.  A party appealing
from a summary judgment that does not contain a recitation of the grounds on
which it is granted assumes the burden of pointing the appellate court to
competent summary judgment evidence in the record establishing that none of the
independent grounds the motions asserted are sufficient to support the
judgment.  See Carr v. Brasher, 776
S.W.2d 567, 569 (Tex.
1989).  Consequently, we must affirm if
any of the motion’s grounds are meritorious.

            A legal malpractice action in Texas is based
on negligence.  Cosgrove v. Grimes, 774 S.W.2d 662, 664 (Tex.
1989).  The elements of a legal
malpractice claim are (1) a duty; (2) a breach of duty; (3) the breach
proximately caused the injury; and (4) resulting damages.  Id. at
665.  When a legal malpractice claim
arises from prior litigation, the plaintiff has the burden to prove that but
for the attorney’s negligence, he or she would be entitled to judgment, and to
show what amount would have been recovered in the judgment.  MND
Drilling Corp. v. Lloyd, 866 S.W.2d 29, 31 (Tex. App.—Houston [14th Dist.]
1987, no writ). 

            In Texas, a lawyer
is held to the standard of care that would be exercised by a reasonably prudent
attorney.  Campbell v. Doherty, 899 S.W.2d 395, 397 (Tex. App.—Houston [14th Dist.]
1995, writ denied).  Therefore, expert
testimony of an attorney is necessary to establish this standard of skill and
care ordinarily exercised by an attorney.[5]  Hall v.
Rutherford, 911
S.W.2d 422, 424.  Moreover, to prove
proximate causation in a legal malpractice case, the plaintiff must show that,
had the alleged negligence not occurred, the underlying action would have been
successful.  Millhouse v. Wiesenthal, 775 S.W.2d 626,
627 (Tex. 1989). 

            A no-evidence motion for summary
judgment must specify the essential elements of a claim to which there is
no-evidence, shifting the burden to the nonmovant to
come forward with some evidence of the essential element or elements challenged
in the motion.  Tex. R. Civ. P. 166a(I);
Lampasas v. Spring Ctr. Inc., 988
S.W.2d 428, 436 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  If the nonmovant
does not satisfy its burden of producing some evidence on the challenged
element or elements, the trial court must grant the motion covering all claims
or defenses composed of the challenged element or elements.  Tex.
R. Civ. P. 166a(I); Lampasas, 988 S.W.2d at 436. 
Failure to respond to a no-evidence motion is fatal.  Michael
v. Dyke, 41 S.W.3d 746, 751 (Tex.
App.—Corpus Christi 2001, no pet.); Tex.
R. Civ. P.  166a(I).

            In a no-evidence motion for summary
judgment, the movant “must state the elements as to
which there is no evidence.”  Tex. R. Civ. P. 166a(I).  We refer to the comment under rule 166a(I):
“[t]he motion must be specific in challenging the evidentiary support for an
element of a claim or defense; paragraph (I) does not authorize conclusory motions or general no-evidence challenges to an
opponent’s case.”  Tex. R. Civ. P. 166a(I)
cmt.  

            Yates’s motion for summary judgment
specifically challenges the lack of evidence as to the elements of causation,
breach of the standard of care, and damages. 
In his summary judgment motion, Yates alleged that Lopez failed to
provide expert testimony related to breach of the standard of care or causation
despite the requirement of expert testimony as to these elements.[6]  Lopez’s response to the summary judgment
motion, which included an affidavit from an expert witness, was not before the
trial court when it rendered summary judgment. 
Because the affidavit of Lopez’s expert witness was not before the court
when the judgment was rendered, it cannot be considered on appeal.  See
Knapp v. Eppright, 783 S.W.2d 293, 295 (Tex.
App.—Houston [14th Dist.] 1989, no writ). 
Effectively, then, Lopez filed no response.  Without expert testimony, Lopez had no
evidence to support his cause of action for legal malpractice.  Accordingly, we find that the trial court
properly granted summary judgment.[7]  We overrule Lopez’s fifth and sixth issues.

            In his second issue, Lopez claims
the trial court erred in granting summary judgment as to all claims when
Yates’s motion for summary judgment and motion for severance addressed only the
legal malpractice claim.  A review of the
record reveals that Lopez’s breach of contract and DTPA causes of action are
based on the same facts and circumstances that form the basis of Lopez’s legal
malpractice cause of action.  In his
petition, Lopez alleged Yates committed malpractice in allowing the statute of
limitations to run on two lawsuits.  In
support of his cause of action under the DTPA, Lopez contends Yates represented
that he was competent to represent him in those matters, but that
representation was false, misleading, and deceptive in that Yates was not
competent.  Lopez further alleged that
Yates breached his contract of representation. 
Lopez did not plead independent facts or circumstances to support the
causes of action for breach of contract or violation of the DTPA.  Because Lopez produced no evidence of
causation with regard to the legal malpractice action, and the same facts and
circumstances form the basis of his breach of contract and DTPA causes of
action, summary judgment was also proper on those claims.  See
Ross v. Arkwright Mut. Ins.
Co., 892 S.W.2d 119, 133–34 (Tex. App.—Houston [14th Dist.] 1994, no
writ).  We overrule appellant’s second
issue.




 








            Accordingly, the judgment of the
trial court is affirmed.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Opinion filed November
 21, 2002.

Panel
consists of Justices Yates, Seymore, and Guzman..

Do Not
Publish — Tex. R. App. P.
47.3(b).

 











            [1]  Although Lopez contends the trial court
granted Yates’s motion to sever, we do not read the order as doing so.  The title of the order is “Order Granting Defendant Sam M. Yates,
III’s First Amended Motion for Summary Judgment and
Motion for Severance.”  However, it is the substance of a judgment,
and not its caption, that controls.  Parking Co. of Am. v. Wilson, 57 S.W.3d
1, 3 (Tex. App.—Dallas 2000), rev’d on other grounds,
58 S.W.3d 742 (Tex.
2001).  The substance of this order shows
that the trial court granted only a summary judgment, not a severance because
the order expresses that the court considered the motion for summary judgment
and motion for severance but that it was granting only the motion for summary
judgment: “On this day, came on
for re-hearing and consideration Defendant SAM M. YATES, III’s,
First Amended Motion for Summary Judgment and Motion for Severance.  After hearing argument of counsel and
consideration of same the Court finds as follows: IT IS ORDERED that Defendant
SAM M. YATES, III’s First Amended Motion for Summary
Judgment is in all things GRANTED disposing of all issues before this Court.”





            [2]  Lopez then filed a motion for new trial and
motion to reconsider.  The trial court
denied Lopez’s motion for new trial but granted leave to file another motion
for new trial.  





            [3]  Lopez further contends the trial court
granted his motion for rehearing and set aside Yates’s summary judgment.  He refers to the docket sheet as support for
this assertion, acknowledging that the order setting aside the summary judgment
is not included in the record.  However,
it is not included in the record, therefore, we may not consider it.  See,
e.g., First Nat’l Bank v. Birnbaum, 826 S.W.2d
189, 190–91 (Tex. App.—Austin 1992, no writ) (op. on reh’g)
(holding that a docket sheet lacks the formality of an order or judgment, is
considered inherently unreliable, and generally forms no part of the record
that an appellate court will consider). 
Moreover, the trial court changed the language in the order from
granting both the summary judgment and the severance to granting only the
summary judgment.  Accordingly, we find
the second judgment is final and the first was rendered void by the trial court’s
entry of the second.  See Quanaim v. Frasco Rest. & Catering, 17 S.W.3d 30, 39–40 (Tex.
App.—Houston [14th Dist.] 2000, pet. denied) (construing the trial court’s
subsequent order identifying different grounds for summary judgment a change
sufficient to conclude that the trial court presumptively vacated the previous
order, making the subsequent order the only final judgment).





            [4]  Lopez refers us to Lehmann v. Har-Con Corp., 39 S.W.3d 191 (Tex.
2001), and argues that neither the inclusion of “mother hubbard” language or use of the word “final”
in the title conclusively establishes that a judgment rendered without trial is
final.  See id. at 203–05.  





            [5]  Some courts acknowledge an exception to this
general rule requiring expert testimony to establish the standard of care in a
legal malpractice action when the attorney’s lack of care and skill is so
obvious that the trier of fact can find negligence as
a matter of common knowledge, such as when an attorney allows the statute of
limitations to run on a client’s claim.  See, e.g., Mazuca
and Associates v. Schumann, 82 S.W.3d 90, 97 (Tex. App.—San Antonio 2002,
pet. filed).  However, we need not decide
this issue because Lopez failed to file an affidavit demonstrating that he had
a “case within a case” that would have entitled him to damages. 





            [6]  In his motion, Yates states that Lopez had
provided no expert testimony regarding negligence or alleged damages “with the
exception of opinion testimony offered by Plaintiff’s trial counsel . . . .”  Elsewhere in his motion, Yates instead states
that Lopez designated his own trial
counsel as his expert offering opinion testimony and that (1) his trial counsel
is disqualified from offering opinion testimony while serving as Lopez’s
attorney of record; and that (2) Lopez presented no expert witness or testimony
as to Yates’s alleged legal malpractice or related theories of causation.  Viewing the record, we find that Lopez failed
to submit proof via expert testimony until he attached affidavits to his
untimely response to Yates’s motion for summary judgment.  Thus, as stated above, we may not consider it
on appeal. 





            [7]  Because the summary judgment was properly
granted on no evidence grounds, we need not consider Lopez’s third and fourth
issues, which address whether summary judgment was proper under traditional
summary judgment grounds.  See Carr v. Brasher, 776 S.W.2d 567, 569
(Tex. 1989) (when an order granting summary judgment does not specify the
grounds on which it is granted, judgment will be affirmed on appeal if any of
the grounds raised in the motion are meritorious).