MEMORANDUM OPINION



No. 04-06-00433-CV



Maria F. JUAREZ, Individually and as Representative of the Estate of Elijio D. Juarez, Jr.,


Deceased, and As Next Friend of Bryan Anthony Juarez, a minor child, Diana F. Juarez,


Anita J. Mata and Elijio Juarez, III,


Appellants



v.



Luis A. ELIZONDO, The Huerta Law Firm, L.L.P., Daniel M. Gonzalez, 


Langley & Banack, Inc. and Malcolm Halbardier,


Appellees



From the 73rd Judicial District Court, Bexar County, Texas


Trial Court No. 2004-CI-06932


Honorable Janet P. Littlejohn, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice

 Rebecca Simmons, Justice


Delivered and Filed: March 21, 2007 


AFFIRMED IN PART; REVERSED IN PART


 Appellants appeal the trial court's order granting a summary judgment in a legal malpractice
lawsuit asserting that the trial court erred in excluding their expert's opinion and other evidence and
in granting the motion. We reverse the portion of the trial court's order granting summary judgment
as to the appellants' DTPA claim against Daniel Gonzalez and Langley & Banack, Inc., and remand
the cause to the trial court for further proceedings as to that claim. We affirm the remainder of the
trial court's order.

Background


 Appellants hired the appellees to file a lawsuit arising from the death of Elijio Juarez, Jr. The
lawsuit alleged that Juarez died when the brakes on the oil tanker he was driving failed, causing the
oil tanker to overturn. The only claim that could be asserted against Juarez's employer was a claim
for gross negligence because the employer was a workers' compensation subscriber. (1) In addition,
the lawsuit asserted a negligence claim against Rodriguez Auto Repair and Wrecker Service, an
automotive shop that had inspected the truck prior to the accident. The claim against the automotive
shop settled prior to trial for $150,000.00. The gross negligence claim was tried to a jury, but the
jury failed to find gross negligence or award exemplary damages. Appellants did not appeal the
judgment entered in accordance with the jury's verdict.

 The appellants sued the appellees claiming legal malpractice. The trial court excluded the
appellants' expert witness and granted summary judgment in favor of the appellees.

Standard of Review


 Under Rule 702 of the Texas Rules of Evidence, the proponent of expert testimony must
establish that: (1) the expert is qualified to render an opinion on the subject matter; (2) the testimony
is relevant to the issues in the case; and (3) it is based on a reliable foundation. Tex. R. Evid. 702;
E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 556 (Tex. 1995); Bartosh v. Gulf
Health Care Center-Galveston, 178 S.W.3d 434, 440 (Tex. App.--Houston [14th Dist.] 2005, no
pet.). We review a trial court's decision to admit or exclude expert testimony under an abuse of
discretion standard. K-Mart Corp. v. Honeycutt, 24 S.W.3d 357, 360 (Tex. 2000); Bartosh, 178
S.W.3d at 440. Although the requirements of qualification, relevance, and reliability set forth in
Robinson apply to all expert testimony, the specific factors enumerated in that opinion do not
necessarily apply in every case. Gammill v. Jack Williams Chevrolet, Inc., 972 S.W.2d 713, 720-21,
726-27 (Tex. 1998); Bartosh, 178 S.W.3d at 440-41. In Gammill, instead of using the Robinson
factors, the court assessed reliability based on the degree of analytical gap between the data
examined and the opinion proffered. 972 S.W.2d at 727; Bartosh, 178 S.W.3d at 441. Specifically,
the Gammill court found that the expert's failure to show how his observations supported his
conclusions rendered his testimony unreliable, stating that the trial court was not required "to admit
opinion evidence which is connected to existing data only by the ipse dixit of the expert." 972
S.W.2d at 727; Bartosh, 178 S.W.3d at 441.

 To prevail on a no-evidence summary judgment motion, a movant must allege that there is
no evidence of an essential element of the adverse party's claim. Southwestern Elec. Power Co. v.
Grant, 73 S.W.3d 211, 215 (Tex. 2002). A no-evidence summary judgment is equivalent to a
pretrial directed verdict and is reviewed for legal sufficiency. Trejo v. Laredo Nat'l Bank, 185
S.W.3d 43, 46 (Tex. App.--San Antonio 2005, no pet.). A no evidence motion is improperly
granted if the respondent presents more than a scintilla of probative evidence to raise a genuine issue
of material fact. Id. 




Discussion


A. Legal Malpractice Claim

 A legal malpractice action in Texas is based on negligence. Cosgrove v. Grimes, 774 S.W.2d
662, 664 (Tex. 1989); Zenith Star Ins. Co. v. Wilkerson, 150 S.W.3d 525, 530 (Tex. App.--Austin
2004, no pet.); Hall v. Rutherford, 911 S.W.2d 422, 424 (Tex. App.--San Antonio 1995, writ
denied). The elements of a legal malpractice claim are: (1) a duty; (2) a breach of duty; (3) the breach
proximately caused the injury; and (4) resulting damages. Alexander v. Turtur & Assocs., Inc., 146
S.W.3d 113, 117 (Tex. 2004); Cantu v. Horany, 195 S.W.3d 867, 873 (Tex. App.--Dallas 2006, no
pet.); Hall, 911 S.W.2d at 424. When a legal malpractice claim arises from prior litigation, the
plaintiff has the burden to prove that but for the attorney's negligence, he or she would be entitled
to judgment, and to show what amount would have been recovered in the judgment. Cantu, 195
S.W.3d at 873; Hall, 911 S.W.2d at 424. This is commonly referred to as the "suit within a suit"
requirement. Ballesteros v. Jones, 985 S.W.2d 485, 489 (Tex. App.--San Antonio 1998, pet.
denied).

 In Texas, a lawyer is held to the standard of care that would be exercised by a reasonably
prudent attorney. Cosgrove, 774 S.W.2d at 664; Zenith Star Ins. Co., 150 S.W.3d at 530; Hall, 911
S.W.2d at 424. In some instances an attorney is required to make tactical or strategic decisions. 
Cosgrove, 774 S.W.2d at 664. If an attorney makes a decision which a reasonably prudent attorney
could make in the same or similar circumstances, it is not an act of negligence even if the result is
undesirable. Id. at 665; Zenith Star Ins. Co., 150 S.W.3d at 530. Attorneys cannot be held strictly
liable for all of their clients' unfulfilled expectations. Cosgrove, 774 S.W.2d at 665; Zenith Star Ins.
Co., 150 S.W.3d at 530. An attorney who makes a reasonable decision in the handling of a case may
not be held liable if the decision later proves to be imperfect. Cosgrove, 774 S.W.2d at 665; Zenith
Star Ins. Co., 150 S.W.3d at 530. The standard is an objective exercise of professional judgment. 
Cosgrove, 774 S.W.2d at 665; Zenith Star Ins. Co., 150 S.W.3d at 530.

 When the plaintiff's allegation is that some failure on the attorney's part caused an adverse
result in prior litigation, the plaintiff must produce evidence from which a jury may reasonably infer
that the attorney's conduct caused the damages alleged. Alexander, 146 S.W.3d at 117; Cantu, 195
S.W.3d at 873. Legal malpractice may include an attorney's failure to exercise ordinary care in
preparing, managing, and presenting litigation. Alexander, 146 S.W.3d at 119. Decisions of which
witnesses to call, what testimony to obtain or when to cross-examine almost invariably are matters
of judgment. Id. "As such, the wisdom and consequences of these kinds of tactical choices made
during litigation are generally matters beyond the ken of most jurors." Id. "And when the causal
link is beyond the jury's common understanding, expert testimony is necessary." Id.; see also Cantu,
195 S.W.3d at 873; Hall, 911 S.W.2d at 424.

 In this case, the trial court excluded Retired Justice J. Bonner Dorsey as an expert witness
for the appellants. Justice Dorsey opined that appellees were negligent in failing to request a jury
charge that conditionally submitted the actual damage question on a finding of liability for gross
negligence or otherwise inquired about liability for gross negligence before the actual damage
question. (2) Justice Dorsey further opined that the appellees were negligent in failing to object to jury
argument that: (1) compared gross negligence to murder; and (2) asserted that the appellants would
only receive the actual damages awarded not any exemplary damages. Because the jury sent a note
asking whether it could award more actual damages than were requested, Justice Dorsey believed
the jury wanted to give the appellants everything "they were entitled to" but that the jury argument
misled the jury into believing the appellants would receive only the actual damages. Justice Dorsey's
opinion regarding causation is that it was the joint effect of the jury charge and jury argument that
led to the appellants' receiving a take nothing judgment.

 Justice Dorsey initially stated that no actual damages question should have been submitted,
but then changed this opinion when confronted with authority stating that such a question was
necessary. See Hall v. Diamond Shamrock Refining Co., 82 S.W.3d 5, 24 (Tex. App.--San Antonio
2001) (holding party seeking recovery of exemplary damages is entitled to introduce and obtain jury
findings as to the amount of economic and noneconomic damages in order to apply cap in section
41.008 of the Texas Civil Practice and Remedies Code), rev'd on other grounds, 168 S.W.3d 164
(Tex. 2005). After changing his opinion, Justice Dorsey stated that the order of the questions in the
jury charge should have been reversed so that the jury would not be asked about damage findings
until after it affirmatively found gross negligence. Justice Dorsey admitted, however, that the order
of the questions submitted in a charge is within the trial court's discretion, and the trial court would
have been within its discretion to refuse to rearrange the order of the questions even if such a request
had been made. (3) See, e.g., Signal Oil & Gas Co. v. Universal Oil Products, 545 S.W.2d 907, 909
(Tex. Civ. App.-- Beaumont 1977), aff'd in part and rev'd in part on other grounds, 572 S.W.2d
320 (Tex. 1978); El Paso Drive-In Cafes, Inc. v. Wilson, 467 S.W.2d 200, 205 (Tex. Civ. App.--El
Paso 1971, no writ); Fort Worth Nat'l Bank v. Jones, 403 S.W.2d 861, 866 (Tex. Civ. App.--Fort
Worth 1966, writ ref'd n.r.e.). Justice Dorsey relied on general legal principles that the charge
should focus on the primary issue; however, he admitted that he had no authority to support either
a conditional submission of the actual damage question or a mandatory change in the order of the
questions. Justice Dorsey later admitted that the charge was legally correct. (4) If an attorney does not
have a proper objection to a charge, the failure to object does not constitute negligence. Campbell
v. Doherty, 899 S.W.2d 395, 398 (Tex. App.--Houston [14th Dist.] 1995, writ denied). Because
an actual damages question needed to be submitted in this case and the charge, as submitted, is
consistent with the Texas Pattern Jury Charge, a reasonably prudent attorney could have made the
decision not to request any changes. See Campbell, 899 S.W.2d at 398; see also Hall, 82 S.W.3d
at 24 (explaining need for actual damages question); H.E. Butt Grocery Co. v. Bilotto, 928 S.W.2d
197, 199 (Tex. App.--San Antonio 1996) (noting pattern jury charges are heavily relied upon by
both the bench and bar because they are based on what the committee perceives the law to be), aff'd,
985 S.W.2d 22 (Tex. 1998).

 Conclusory statements made by an expert witness are insufficient to support summary
judgment. Burrow v. Arce, 997 S.W.2d 229, 235 (Tex. 1999). In this case, Justice Dorsey provided
no legal support for his opinions; accordingly, the trial court did not abuse its discretion in excluding
Justice Dorsey's opinions regarding the jury charge. Although Justice Dorsey asserted that counsel
also was negligent in failing to object to jury argument, Justice Dorsey opined that the failure to
object to the jury argument was only a cause of the appellants' damages when coupled with the
appellees' alleged negligence regarding the jury charge. (5) Because we have concluded that Justice
Dorsey failed to provide sufficient support for his opinions regarding the jury charge and those
portions of his opinion were properly stricken, the remaining testimony does not constitute evidence
that the appellees caused the appellants any damage by failing to object to the jury argument. (6) 
Because the appellants presented no other expert to support their legal malpractice claim, the trial
court properly granted the no evidence summary judgment as to this claim. See Alexander, 146
S.W.3d 117.

B. DTPA

 The appellants also asserted a DTPA claim alleging that Daniel M. Gonzalez misrepresented
the amount they would receive with respect to the $150,000.00 settlement with Rodriguez Auto
Repair and Wrecker Service. On appeal, the appellants contend that the trial court erroneously
granted summary judgment as to this claim. The focus of the appellants' complaint is the trial
court's decision to strike the sentence in the appellants' affidavits that stated that they would not
have approved the settlement if the appellees had told them they would only receive $14,000.00 of
the $150,000.00 settlement after deductions for attorneys' fees and expenses. 

 In their brief, Gonzalez and Langley & Banack, Inc. assert, "It is important to bear in mind,
however, that regardless of whether the trial court had stricken all, some, or none of these affidavits,
such ruling would not constitute reversible error; this is so in that, even were the affidavits
considered in their entirety, they failed to raise a material fact issue on the elements of producing
cause and of damages under the DTPA claim." This sentence implies that Gonzalez and Langley
& Banack moved for a no evidence summary judgment challenging the causation and damage
elements of the appellants' DTPA claim. In the no evidence section of their motion, however,
Gonzalez and Langley & Banack only refer to the elements of the legal malpractice claim, i.e., duty,
breach, proximate cause, and damages from such breach. See Alexander, 146 S.W.3d at 117
(distinguishing causation elements of legal malpractice and DTPA claim and noting that to prevail
on a DTPA claim, a plaintiff must prove that a violation of the statute was a producing cause of the
injury); see also Ballesteros v. Jones, 985 S.W.2d at 489 (noting plaintiffs are not required to prove
"suit within a suit" when suing an attorney under the DTPA). The only mention of the DTPA claim
in the motion is a challenge to the appellants' fracturing of its single legal malpractice claim. An
attorney may, however, be sued for a DTPA claim that is separate from a legal malpractice claim. 
See Latham v. Castillo, 972 S.W.2d 66, 68 (Tex. 1998); see also Hoover v. Larkin, 196 S.W.3d 227,
229, 232 (Tex. App.--Houston [1st Dist.] 2006, pet. denied) (addressing DTPA claim against
attorney for alleged mishandling of a settlement). Accordingly, because Gonzalez and Langley &
Banack did not properly move for summary judgment as to the DTPA claim, the trial court erred in
granting summary judgment as to that claim. See Ortiz v. Collins, 203 S.W.3d 414, 425-26 (Tex.
App.--Houston [14th Dist.] 2006, no pet.) (reversing summary judgment where motion "failed to
explicitly assert that there is no evidence of any specifically-identified element of [the plaintiff's
DTPA] claim").

Conclusion


 The portion of the trial court's order granting summary judgment as to the appellants' DTPA
claim against Gonzalez and Langley & Banack is reversed, and the cause is remanded to the trial
court for further proceedings with regard to that claim. The remainder of the trial court's judgment
is affirmed.


 Alma L. López, Chief Justice



1. Although the recovery of exemplary damages is permitted, the recovery of workers' compensation benefits
precludes a recovery of actual damages. See Tex. Lab. Code Ann. § 408.001 (Vernon 2006).
2. Justice Dorsey also opined that an instruction should have been given to the jury informing them that the
plaintiffs would not be permitted to recover the actual damages awarded by the jury. During the hearing on the
motion to strike, the appellees emphatically argued that such an instruction would advise the jury of the effect of
their answers in violation of Rule 277 of the Texas Rules of Civil Procedure. After this argument, the plaintiffs'
attorney withdrew that portion of Justice Dorsey's opinion, stating:

 MS. ANDERSON: Your Honor, the judge's comment that there should have been an instruction in
the charge, that particular portion of his opinion isn't critically vital or [sic] the whole opinion or
necessary. So if the judge wants to - or we can go ahead and withdraw that portion of his opinion
that an instruction should have been given in the charge. That, I think, will take care of that
particular problem.
3. Q. And the reason you would have a hard time reversing is because it's hard to say with any confidence
that submitting issues in different order produces different answers?

 A. That, and the discretion of the trial judge in giving the charge.

 Q. And your criticism today about the way the charge by the plaintiffs was submitted to the Court, you
can't say with any confidence that the judge would have adopted their submission, correct?

 A. No.

 Q. We don't know that had they said Judge, we think you ought to submit punitive damages or gross
negligence first, because that's the crux of this case, we don't know whether Judge Muniz would have submitted it
that way or not, correct?

 A. That's correct. However, they did submit the plaintiff's charge.
4. Q. Would it have been - is this an erroneous charge as submitted to the jury? Do you think it is legally
incorrect?

 A. Is it a - I'm taking your question to be that if this case was on appeal would this case be reversed on the
basis of an erroneous jury charge?

 Q. Yes, sir.

 A. No, I don't think so.
5. In his report, Justice Dorsey stated, "In my opinion, the conduct of plaintiffs' counsel in submitting an
actual damages jury charge without an appropriate instruction and not objecting to defense counsel's closing
argument as discussed above violated that standard of care and was the proximate cause of damage to the plaintiffs." 
6. Justice Dorsey also agreed in his deposition that a jury is deemed to have followed the court's charge even
where statements of counsel conflict with the charge, and Justice Dorsey was unaware of any evidence that the jury
disregarded the court's charge. See Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 771 (Tex. 2003)
(stating jury is presumed to follow charge absent evidence to the contrary).