## GARRETT v. HARTFORD ACCIDENT & INDEMNITY CO.

### No. 1676.

Court of Civil Appeals of Texas. Eastland.

June 11, 1937.

Rehearing Denied July 9, 1937.

Grisham Bros., of Eastland, and J. A. Lantz, of Austin, for appellant.

Eckford & McMahon, of Dallas, for appellee.

GRISSON, Justice.

This is a workmen's compensation case. Appellant properly and timely presented his claim to the Industrial Accident Board. The board made its award on July 9, 1935. On July 16th appellant gave notice of appeal. On July 17th he filed suit in a court of competent jurisdiction in the county where the injury occurred, to wit, the Ninety-First district court of Eastland county, Tex.; said cause being numbered 16,411. Thereafter said cause was, because of diversity of citizenship, on motion of appellee removed to and filed in the United States District Court. It is agreed that the United States District Court had jurisdiction to hear and determine said suit there pending. On November 4, 1935, appellant voluntarily took a nonsuit, the cause being dismissed without prejudice. On November 5th (which, of course, was much more than 20 days after the giving of notice of appeal), appellant filed the present suit (an appeal from the award of the Industrial Accident Board) in the Ninety-First district court of Eastland county; the second suit being numbered 16,529. The only difference between the first and second suits being that the first was for an amount exceeding $3,000 and the second was for less than $3,000.

Appellee presented its plea to the jurisdiction of the court on the ground that more than 20 days had elapsed between the time when notice of appeal was given to the board and the time when said second suit was filed. The court, after hearing evidence, sustained appellee's plea to the jurisdiction and dismissed appellant's second suit, from which judgment appellant has appealed to this court and asserts the sustaining of the plea to the jurisdiction and dismissal of said cause as error.

Appellant contends that under the provisions of article 5539a, Vernon's Ann.Civ. St., Acts 1931, 42d Leg., p. 124, c. 81, § 1, his suit was filed within 60 days after the original suit was voluntarily dismissed in the United States court, and that, therefore, the Eastland district court had jurisdiction to hear and determine said second suit on its merits. Article 5539a is as follows: "When an action shall be dismissed in any way, or a judgment therein shall be set aside or annulled in a direct proceeding, *because of a want of jurisdiction of the Trial Court in which such action shall have been filed,* and within sixty (60) days after such dismissal or other disposition becomes final, such action shall be commenced in a Court of Proper Jurisdiction, the period between the date of first filing and that of commencement in the second Court shall not be counted as a part of the period of limitation unless the opposite party shall in abatement show the first filing to have been in intentional disregard of jurisdiction." (Italics ours.)

It is appellant's view that when an action is "dismissed in any way" a plaintiff has the legal right to refile the case within sixty days, unless it was first filed "in intentional disregard of jurisdiction" regardless of whether the suit was dismissed for lack of jurisdiction. We are not in accord with such contention. Appellant says: "In fact the court [meaning the 91st District Court of Eastland County] had jurisdiction when he filed it." We agree with appellant that said Ninety-First district court had jurisdiction of said cause at the time the first suit was filed. Appellant also admits that the United States court, when the cause had been removed there, had jurisdiction of said cause.

We think the language of the statute definitely limits the right to again

file a suit that has been dismissed, so as to avoid the running of limitation during the period between the first and second filing thereof, to dismissals "because of a want of jurisdiction of the Trial Court in which such action shall have been [first] filed." Moreover, said statute is a general statute with reference to limitation. If applicable here, it has no special reference, even as a limitation statute, to Workmen's Compensation cases as does article 8307a (which permits the transfer of such cases to the county wherein the injury occurred when filed in a county wherein the injury did not occur. See Wilson v. Work, 122 Tex. 545, 62 S.W.(2d) 490. Wood et al. v. B. F. Dittmar Co. (Tex.Civ.App.) 59 S.W.(2d) 441.

Section 5 of article 8307, R.S. 1925 (as amended Acts 1931, 42d Leg., p. 378, c. 224, § 1 [Vernon's Ann.Civ.St. art. 8307, § 5]), provides, in part, as follows: "Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision. * * * If any party to any such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto."

■ Filing of such suit within 20 days after giving notice of refusal to abide by the decision of the board is a jurisdictional requirement. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Federal Surety Co. v. Jetton (Tex.Com.App.) 44 S.W.(2d) 923, 925; Oil Men's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S.W. 195; Griffith v. Associated Employers' Reciprocal (Tex.Civ.App.) 10 S.W.(2d) 129; Hood v. Texas Emp. Ins. Ass'n (Tex.Civ.App.) 260 S.W. 243. Also see Brown v. McMillan Material Co., —— S.W.(2d) ——,[1] this day decided by this court.

We adopt appellee's interpretation of article 5539a, as follows: "The right to refile within the sixty day period is therefore dependent entirely upon a want of jurisdiction of the court in which the case was first pending. This is evident from the language of the article itself, wherein it is provided that such second action shall be commenced in a 'court of proper jurisdiction.' The only inference is that the first action was commenced in a court of *improper* jurisdiction. The latter part of the language of the article also is conclusive that our construction of this article is correct. It is there provided that the period between the date of first filing and that of the commencement in the second court shall not be counted as a part of the period of limitation, unless the opposite party shall in abatement show the first filing to have been in 'intentional disregard of jurisdiction.' This last quoted clause relates back to the first suit. A suit could not be filed in intentional disregard of jurisdiction if the court wherein it was filed had jurisdiction. * * * It is evident, therefore, that Article 5539a was designed to aid the litigant who (by mistake and in good faith) filed his suit in a court which did not have jurisdiction."

■ We think the action of the trial court in sustaining the plea to the jurisdiction and dismissing the case was correct. Consolidated Underwriters v. Adams (Tex. Civ.App.) 97 S.W.(2d) 323 (writ of error granted because of dissenting opinion); Bear v. Donna Ind. School Dist. (Tex. Civ.App.) 85 S.W.(2d) 797 (writ dis.); Binge v. Gulf Coast Orchards Co. (Tex. Civ.App.) 93 S.W.(2d) 813 (writ dis.); Peters v. Hanger (C.C.A.) 134 F. 586; Fourth Nat. Bank v. Francklyn, 120 U.S. 747, 7 S.Ct. 757, 30 L.Ed. 825; Pollard v. Bailey, 20 Wall. 520, 22 L.Ed. 376; 28 Tex. Jur. § 95, p. 188; 37 C.J. p. 686; Partee v. St. Louis & S. F. Ry. Co. (C.C.A.) 204 F. 970, 51 L.R.A.(N.S.) 721; Washington v. Travelers' Ins. Co. (Tex.Com.App.) 290 S.W. 738; Texas Emp. Ins. Ass'n v. Cook (Tex.Civ.App.) 55 S.W.(2d) 205; Griffith v. Associated Emp. Reciprocal, supra.

The judgment of the district court is affirmed.

---

[1] Motion for rehearing pending.