Rafaela C. CASTILLO, Appellant,

v.

ALLIED INSURANCE COMPANY,
Appellee.

No. 8673.

Court of Civil Appeals of Texas,
Amarillo.

May 10, 1976.

Rehearing Denied June 14, 1976.

Tony Martinez, Brownsville, for appellant.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellee.

ROBINSON, Justice.

Plaintiff Rafaela C. Castillo filed suit to recover death benefits under the Workmen's Compensation Act. The trial court dismissed for lack of jurisdiction because the suit in state court was filed more than twenty days after the award by the Industrial Accident Board. Plaintiff appeals contending that she filed suit in federal court within the prescribed twenty days and that

in view of the provisions of Tex.Rev.Civ. Stat.Ann. art. 5539a, the suit was timely filed. Plaintiff also contends that she has substantially complied with art. 8307a, which permits the transfer of such cases to the county wherein the injury occurred when filed in a county wherein the injury did not occur. Affirmed.

The material facts are undisputed. On August 15, 1973, the Industrial Accident Board made its award. The record shows no notice of appeal from such award. On August 24, 1973, plaintiff filed suit against the defendant insurance company in the United States District Court for the Southern District of Texas in Brownsville. On June 28, 1974, the court dismissed plaintiff's suit because of a lack of diversity of citizenship. On July 17, 1974, plaintiff filed suit against defendant in a District Court of the State of Texas. On December 4, 1975, the state trial court dismissed the cause for lack of jurisdiction.

Article 8307, § 5, Tex.Rev.Civ.Stat.Ann., contains this provision:

All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the Board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision, and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided.

■ The provisions of our workmen's compensation statute with respect to the successive steps in the progress and maturity of a claim are mandatory, and the provisions of the statute must be complied with or an action is not maintainable in the courts. *Industrial Accident Board v. Glenn*,

144 Tex. 378, 190 S.W.2d 805 (1945); *Oilmen's Reciprocal Assn. v. Franklin*, 116 Tex. 59, 286 S.W. 195 (1926); *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (1926); *Garcia v. Employers Casualty Company*, 519 S.W.2d 685 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.); *Richards v. Consolidated Underwriters*, 411 S.W.2d 436 (Tex.Civ.App. —Beaumont 1967, writ ref'd); *Brown v. McMillan Material Co.*, 108 S.W.2d 914 (Tex.Civ.App.—Eastland 1937, writ ref'd).

■ Nevertheless, plaintiff contends that art. 8307, § 5 must be interpreted in the light of art. 5539a, which provides that if an action be dismissed because of want of jurisdiction, and if within 60 days after dismissal such action shall be commenced in a court of proper jurisdiction, the period between the first filing and the second filing shall not be counted as a part of the period of limitation.

This question was decided adversely to plaintiff's contention in *Braden v. Transport Insurance Co.*, 307 S.W.2d 655 (Tex. Civ.App.—Dallas 1957, no writ) and *Leadon v. Truck Ins. Exchange*, 253 S.W.2d 903 (Tex.Civ.App.—Galveston 1952, no writ). In those two cases in which the facts were similar to the facts in this case, it was held that art. 5539a does not apply to the Workmen's Compensation Act because it is a general statute of limitation which does not affect special statutory proceedings such as those enumerated in the Workmen's Compensation Act. See also *Poole v. Rutherford*, 199 S.W.2d 665 (Tex.Civ.App.—Fort Worth 1947, writ ref'd n. r. e.), where art. 5539a was held inapplicable to an analogous probate statute.

Plaintiff also contends that by filing her suit in a state district court within 20 days after the federal action was dismissed for want of diversity jurisdiction, she had "substantially complied" with art. 8307a which permits transfer to the proper county of a case filed in a county other than that in which the injury occurred.

■ The federal diversity statute, 28 U.S.C. § 1332 was amended in 1964 to make an insurer a citizen of the state in which

the insured is a citizen. Thus, there was no diversity of citizenship on which plaintiff could predicate jurisdiction of her 1973 federal suit. *Hernandez v. Travelers Insurance Company*, 489 F.2d 721 (5th Cir. 1974). The provisions of art. 8307a apply only where the case is filed in a court having jurisdiction of the subject matter of the litigation. *Federal Underwriters Exchange v. Pugh*, 141 Tex. 539, 174 S.W.2d 598, 600 (1943), *mandate conformed to*, 176 S.W.2d 761. *Price v. Continental Casualty Co.*, 229 S.W.2d 887 (Tex.Civ.App.—Eastland 1950, no writ). When plaintiff first filed her suit in a court having jurisdiction of the subject matter, the mandatory and jurisdictional time requirements of art. 8307, § 5, had long since expired. She cannot now be in "substantial compliance" with art. 8307a.

Plaintiff's point of error is overruled. The judgment of the trial court is affirmed.