**Leon GALPIN, Appellant,**

v.

**ZENITH INSURANCE COMPANY, Appellee.**

**No. 04–98–00271–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 26, 1999.

Rehearing Overruled April 19, 1999.

Kevin B. Miller, Miller & Henderson, San Antonio, for appellant.

Glen M. Wilkerson, Davis & Wilkerson, P.C., Austin, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice ALMA L. LÓPEZ, Justice CATHERINE STONE, Justice.

## ON COURT'S MOTION

STONE, Justice.

In light of the Supreme Court's recent decision, *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958 (Tex. 1999), the opinion of this court issued on January 27, 1999 is withdrawn and this opinion is substituted therefor.

### FACTUAL AND PROCEDURAL BACKGROUND

Galpin was injured in an accident on October 2, 1996 and sought recovery of workers' compensation benefits. After a full evidentiary hearing, the Texas Workers' Compensation Commission determined that Galpin's employer's workers' compensation carrier was relieved of liability because Galpin was intoxicated at the time of his injury. Galpin appealed this decision to the Appeals Panel of the TWCC. The Appeals Panel upheld the hearing officer's decision with minor modifications.

Galpin then filed his original petition in district court. He mailed a copy of the petition to the TWCC on July 22, 1997. The TWCC's records indicate that it did not receive a copy of the original petition until August 5, 1997. The trial court found that a copy of the petition had not been timely filed with the TWCC and dismissed the suit for want of jurisdiction.

## JURISDICTIONAL REQUIREMENTS

To seek judicial review from a Texas Workers' Compensation Commission ruling, a party must file suit not later than the fortieth day after the date on which the decision of the Appeals Panel was filed with the division. TEX. LAB.CODE ANN. § 410.252 (Vernon 1996). A copy of this petition shall be simultaneously filed with the court and the commission and served on any opposing party. TEX. LAB.CODE ANN. § 410.253 (Vernon 1996).

In our original opinion, we determined that failure to file a copy of the petition with the TWCC within 40 days resulted in a loss of subject matter jurisdiction. However, in *Albertson's v. Sinclair*, 984 S.W.2d 958 (Tex. 1999), the Texas Supreme Court held that the requirement of filing a copy of the petition with the TWCC is mandatory, but not jurisdictional. *See* 984 S.W.2d at 962. Noting that workers' compensation legislation is liberally construed to carry out its evident purpose of compensating injured workers and their dependents, the Court held that a failure to comply with the filing will not result in a determination that the court lacks jurisdiction. Thus, even assuming *arguendo* that the evidence in the present case was properly admitted and established that Galpin did not timely file with the TWCC, such a failure will not cause the court to dismiss the case for want of jurisdiction. Accordingly, we reverse the judgment of the trial court with respect to this issue and remand the cause for further proceedings.

In light of our reversal and remand, we do not reach Galpin's other points of error. The judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings.