# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-03-00586-CV

Zenith Star Insurance Company, Appellant

v.

Glen Wilkerson and Davis and Wilkerson, P.C., Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
NO. GN-204445, HONORABLE PETE LOWRY, JUDGE PRESIDING

O P I N I O N

This case requires us to consider to what lengths an attorney must go to zealously represent his client and avoid legal-malpractice liability. It involves a claim by Zenith Star Insurance Company (Zenith) that its lawyer, Glen Wilkerson,[1] committed legal malpractice in a suit seeking workers' compensation benefits by failing to advance two theories—that venue under the workers' compensation scheme is jurisdictional and that a plaintiff's misidentification of a defendant is an affirmative defense. In the original suit seeking benefits, Zenith initially prevailed on a plea to the jurisdiction in a Guadalupe County district court. The Fourth Court of Appeals upheld that decision,

---

[1] Zenith sued both Glen Wilkerson and his law firm, Davis & Wilkerson, P.C. For the sake of convenience, we will refer to Mr. Wilkerson and the law firm collectively as Wilkerson.

but Zenith lost on remand after the court of appeals reversed its decision sua sponte and a jury found in favor of the worker on the merits of the case. Zenith alleges that Wilkerson's negligence proximately caused its damages in the form of losing at trial on remand. The district court granted summary judgment in favor of Wilkerson. We conclude as a matter of law that Wilkerson was not negligent in failing to assert the jurisdiction and misidentification theories and that such failure was not the proximate cause of Zenith's injury. Therefore, we affirm the summary judgment granted by the district court.

## BACKGROUND

While driving his employer's vehicle, Leon Galpin suffered injuries that rendered him a quadriplegic. He brought a claim to recover lifetime benefits before the Texas Workers' Compensation Commission (the Commission) under the labor code. *See* Tex. Lab. Code Ann. § 409.003 (West 1996). Zenith is the workers' compensation insurance carrier for Galpin's employer, and Wilkerson represented Zenith in the administrative proceedings before the Commission. After a contested-case hearing, the Commission appeals panel affirmed the conclusion of the hearing officer denying benefits to Galpin. In July 1997, Galpin timely filed a suit for judicial review in the district court of Bexar County against "Zenith Insurance Company." *See id.* § 410.252(a) (West Supp. 2004)[2] (to seek judicial review of Commission ruling, party must file suit no later than fortieth day after date on which decision of appeals panel was filed with division of hearings). Zenith's original answer, prepared by Wilkerson, acknowledged that "Zenith Star

---

[2] The current labor code is cited for convenience because the substantive portions of the relevant sections have not changed since the time Galpin brought this suit. When an issue turns on a portion of the statute that has been amended since Galpin's suit was filed, the statute as it previously appeared will be cited.

2

Insurance Company," not "Zenith Insurance Company," was the proper defendant, and that Galpin had sued the wrong defendant. Galpin eventually moved to substitute Zenith Star Insurance Company for Zenith Insurance Company as the proper party defendant pursuant to stipulation of the parties.

On Zenith's behalf, Wilkerson filed a plea to the jurisdiction based on Galpin's failure to "simultaneously" file a copy of his petition with the Commission, *see id.* § 410.253 (West Supp. 2004), and a motion to transfer venue because Galpin had not filed suit in the county where he resided at the time of the injury, *see id.* § 410.252(b)(1) (West Supp. 2004)[3] (party bringing judicial-

---

[3] Former section 410.252 read:

§ 410.252 Time for Filing Petition; Venue

(a) A party may seek judicial review by filing suit not later than the 40th day after the date on which the decision of the appeals panel was filed with the division.

(b) The party bringing suit to appeal the decision must file a petition with the appropriate court in:

(1) the county where the employee resided at the time of the injury or death, if the employee is deceased; or

(2) in the case of an occupational disease, in the county where the employee resided on the date the disability began or any county agreed to by the parties.

Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 1, sec. 410.252, 1993 Tex. Gen. Laws 987, 1209. The section was amended in 2003 by the addition of subsections (c) and (d):

(c) If a suit under this section is filed in a county other than the county described by Subsection (b), the court, on determining that it does not have jurisdiction to render judgment on the merits of the suit, shall transfer the case to a proper court in a county described by Subsection (b). Notice of the transfer of a suit shall be given to the parties. A suit transferred under this

3

review suit must file petition with appropriate court in county where employee resided at time of injury or death). The Bexar County court granted the venue transfer to Guadalupe County pursuant to an agreed order but did not dispose of Zenith's plea to the jurisdiction, noting that Zenith did not waive or abandon its plea by virtue of the transfer. The Guadalupe County district court granted Zenith's motion to dismiss for lack of subject-matter jurisdiction in March 1998.

Galpin appealed the Guadalupe County court's final judgment to the Fourth Court of Appeals in San Antonio. On January 27, 1999, that court affirmed the dismissal of Galpin's suit for want of jurisdiction, holding that the requirements of section 410.253 of the labor code, requiring a copy of the petition to be simultaneously filed with the Commission, were mandatory and jurisdictional. *See Galpin v. Zenith Ins. Co.*, 993 S.W.2d 146, 146-47 (Tex. App.—San Antonio 1999, no pet.). On February 4, 1999, the Texas Supreme Court issued an opinion in *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 958-59 (Tex. 1999), holding that failure to timely file a copy of the petition with the Commission does not deprive a trial court of jurisdiction to review the denial of benefits. In light of *Albertson's*, the Fourth Court of Appeals on its own motion withdrew its original opinion in *Galpin* and substituted a new opinion on February 26, 1999, remanding the cause

---

subsection shall be considered for all purposes the same as if originally filed in the court to which it is transferred.

(d)  If a suit is initially filed within the 40-day period in Subsection (a), and is transferred under Subsection (c), the suit is considered to be timely filed in the court to which it is transferred.

Act of May 28, 2003, 78th Leg., R.S., ch. 663, § 1, sec. 410.252, 2003 Tex. Gen. Laws 2082, 2082 (codified at Tex. Lab. Code Ann. § 410.252 (West Supp. 2004)).

4

to the trial court. *See Galpin*, 933 S.W.2d at 147. On remand, a jury found in favor of Galpin, and Zenith was ordered to pay him lifetime benefits.

About sixteen months later, Galpin filed suit in Bexar County alleging that Zenith was acting in bad faith by failing to pay the benefits ordered under the final judgment. The case was transferred to Travis County. Zenith responded by filing a motion for summary judgment, seeking a declaration that the final judgment rendered by the district court in Guadalupe County was void because the court lacked jurisdiction on two grounds: failure to timely file suit in the proper county and failure to timely file suit against the proper defendant. The Travis County court denied Zenith's motion. That suit is still pending.

Zenith then filed this legal-malpractice action against Wilkerson in Travis County, asserting that it would have prevailed in the underlying litigation but for Wilkerson's failure to plead or otherwise raise the following defensive legal theories: the Guadalupe County district court lacked jurisdiction because (1) the suit was initially filed in the wrong county, and (2) the suit was initially brought against the wrong defendant. Wilkerson filed a motion for summary judgment, which the trial court granted. In one issue, Zenith appeals the summary judgment, asserting that the evidence created a fact issue on negligence and that, therefore, Wilkerson was not entitled to judgment as a matter of law.

## DISCUSSION

### *Standard of review*

Because the propriety of a summary judgment is a question of law, we review the trial court's decision *de novo*. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994); *Texas Dep't of Ins. v. American Home Assurance Co.*, 998 S.W.2d 344, 347 (Tex. App.—Austin 1999, no pet.).

5

The standards for reviewing a motion for summary judgment are well established: (1) the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

### Legal malpractice

A legal-malpractice action is based on negligence. *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex. 1989). A lawyer in Texas is held to the standard of care that would be exercised by a reasonably prudent attorney:

> If an attorney makes a decision which a reasonably prudent attorney *could* make in the same or similar circumstance, it is not an act of negligence even if the result is undesirable. Attorneys cannot be held strictly liable for all of their clients' unfulfilled expectations. An attorney who makes a reasonable decision in the handling of a case may not be held liable if the decision later proves to be imperfect. The standard is an objective exercise of professional judgment, not the subjective belief that his acts are in good faith.

*Id.* at 665. The attorney's conduct must be evaluated by the fact-finder based on the information the attorney has at the time of the alleged act of negligence. *Id.* at 664. To recover on a negligence claim, the plaintiff must prove four elements: (1) that there is a duty owed to him by the defendant, (2) a breach of that duty, (3) that the breach proximately caused the plaintiff injury, and (4) that damages occurred. *Id.* at 665 (citing *McKinley v. Stripling*, 763 S.W.2d 407 (Tex. 1989)). Zenith

6

asserts that summary judgment was improper because Wilkerson failed to sustain his burden to show that there is no fact issue on the elements of breach and proximate cause in light of Zenith's evidence in the form of a lawyer's affidavit opining that Wilkerson's errors constituted negligence and caused Zenith's injury. We will address the elements of breach and proximate cause as they pertain to venue and misidentification separately.

## A. *Venue*

Zenith asks this Court to remand this cause because the question of whether Wilkerson was negligent with respect to its first "defense"—that filing suit in the wrong venue deprived the trial court of subject-matter jurisdiction—is a fact question to be decided by a jury and cannot be decided as a matter of law. We turn to this defense first as it relates to the breach element of malpractice.

Because a lawyer is held to the standard of care that would be exercised by a reasonably prudent attorney, expert testimony of an attorney is usually necessary to establish the standard of skill and care ordinarily exercised by an attorney. *Hall v. Rutherford*, 911 S.W.2d 422, 424 (Tex. App.—San Antonio 1995, writ denied). To establish compliance with the standard, expert testimony is also usually required. *Jatoi v. Decker, Jones, McMackin, Hall & Bates*, 955 S.W.2d 430, 434 (Tex. App.—Fort Worth 1997, writ denied). Once the defendant in a legal malpractice suit has submitted expert testimony on the standard of care, the plaintiff is then required to controvert the expert testimony with other expert testimony. *Id.* (citing *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991)). Zenith cites Wilkerson's summary-judgment motion, which was not supported by

7

expert testimony going to the venue defense.[4]  Wilkerson rejoins that expert testimony is required only when the issue of an attorney's negligence is a question of fact, not when it is a question of law.

Wilkerson cites a legal-malpractice treatise requiring two issues to be resolved when an attorney is charged with an error regarding the failure to raise a defensive legal theory:  first, whether the attorney erred; and second, whether such error was caused by the attorney's negligence. Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 33.11 (5th ed. 2000).  The first issue is a question of law, while the second is one of fact.  *Id.*  Before the second question can be reached, a court must initially determine whether the attorney erred, which is a question of law for the court. *Id.*; *see Campbell v. Doherty*, 899 S.W.2d 395, 398 (Tex. App.—Houston [14th Dist.] 1995, writ denied) (upholding summary judgment for defendant in legal malpractice action after finding that jury instruction, to which attorney allegedly failed to object, was legally correct).  Wilkerson could only have erred by failing to assert the "defenses" about which Zenith complains if such defenses were legally valid.  Whether a defense is legally valid is a question of law.  *See* Mallen & Smith § 33.11.  As Wilkerson sums up, "if Wilkerson was correct on the law, he could not be negligent." We agree.

Zenith insists that the law about whether venue is jurisdictional was settled when Galpin's lawsuit was filed and that it compelled a reasonable attorney to advance the defense or be subject to malpractice liability.  Zenith cites *Federal Underwriters Exchange v. Pugh* and several opinions from various court of appeals for this proposition.  *See* 174 S.W.2d 598, 600 (Tex. 1943);

---

[4]  Wilkerson's motion was accompanied by his own affidavit but spoke only to the misidentification defense, not to the venue defense.

8

*e.g.*, *Castillo v. Allied Ins. Co.*, 537 S.W.2d 486, 487 (Tex. Civ. App.—Amarillo 1976, writ ref'd n.r.e.); *Leadon v. Truck Ins. Exch.*, 253 S.W.2d 903, 904-05 (Tex. Civ. App.—Galveston 1952, no writ); *Garrett v. Hartford Accident & Indem. Co.*, 107 S.W.2d 726, 728 (Tex. Civ. App.—Eastland 1937, no writ). While noting that the settled law prior to 1931 dictated that filing suit in the statutory venue was jurisdictional, *see Mingus v. Wadley*, 285 S.W. 1084, 1088 (Tex. 1926), *overruled by Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000), *Pugh* actually reversed that law in response to an amendment to the statute allowing a court to transfer a case filed in the wrong venue to the proper court. *Pugh*, 174 S.W.2d at 600. The intermediate-court cases Zenith cites are not on point, as they speak to a court's lack of subject-matter jurisdiction when a party misses the statutory time limit by first filing suit in federal court, not when a party files in the wrong county. *See Leadon*, 253 S.W.2d at 904-05; *Garrett*, 107 S.W.2d at 728. *Castillo*, while somewhat on point, merely reinforces *Pugh* by noting that the venue statute specifically allows transfer of a case to the proper venue. *Castillo*, 537 S.W.2d at 487. Thus, if the law was "settled" on the topic of venue in workers' compensation cases after *Pugh*, it cut against Zenith's interpretation by holding that venue was not jurisdictional, and a suit filed in a non-mandatory county could be transferred to the county of mandatory venue.

Yet, continues Zenith, even if *Pugh* was the controlling law at the time of the underlying judicial proceedings, the legislature amended section 410.252 in 1989 to remove the language allowing transfer to the proper court. *See* Act of Dec. 12, 1989, 71st Leg., 2d C.S., ch. 1, § 16.01(11), 1989 Tex. Gen. Laws 1, 114, *amended by* Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 1, sec. 410.252, 1993 Tex. Gen. Laws 987, 1209. Thus, it implies, *Mingus* was reinstated as the

9

controlling law, and proper venue once again became jurisdictional. *See Mingus*, 285 S.W. at 1088.

We reject this argument. The legislature's enactment of a new workers' compensation statute that

omitted language allowing for the transfer of a case filed in the wrong county does not mean that the

legislature intended to overrule *Pugh*. Nothing in the new law's language indicates the legislative

intent to make filing in the mandatory venue jurisdictional.[5] Moreover, courts must liberally

construe workers' compensation legislation in favor of the worker. *See Lujan v. Houston Gen. Ins.*

*Co.*, 756 S.W.2d 295, 297 (Tex. 1988). We conclude that, contrary to Zenith's assertion, the law at

the time Galpin filed suit did not provide that venue was jurisdictional; if anything, the law was

unsettled at the least, if not settled in the opposite vein.

Even if the effect of filing suit in the wrong county was unsettled, the question of

whether venue was jurisdictional remains a question of law. Courts routinely decide unsettled

questions of law, weighing arguments and authority on both sides of an issue and determining which

---

[5] Indeed, evidence of contrary legislative intent is revealed in the *Guide to Worker's Compensation Reform*, authored by some of the 1989 act's primary sponsors, in which the authors write in terms of "mandatory venue" for suits under the act. *See* John T. Montford, Will Barber, & Robert Duncan, *Guide to Texas Workers' Comp Reform* § 6.61 (1991). The use of "mandatory venue" implies that venue under the act is no greater an obstacle to recovery for a plaintiff than venue is in other civil suits, which allow for the transfer by a party of a case to a county of mandatory venue. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 15.001 (proper venue is that required by statute prescribing mandatory venue), .016 (action must be brought in county required by statute's mandatory-venue provision), .063 (court shall transfer action to county of proper venue if county in which action is pending is not county of proper venue) (West 2002); Tex. R. Civ. P. 86 (objection to improper venue must be made by written motion prior to or concurrently with any other plea, pleading, or motion other than special-appearance motion). Furthermore, the heading of the statute in place during the relevant proceedings reads, "Time for Filing Petition; *Venue*." *See* Act of Dec. 12, 1989, 71st Leg., 2d C.S., ch. 1, § 16.01(11), 1989 Tex. Gen. Laws 1, 114, *amended by* Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 1, sec. 410.252, 1993 Tex. Gen. Laws 987, 1209 (emphasis added).

is the legally correct outcome. To resolve this question of law, we review opinions issued during and after the pendency of these proceedings.[6]

The supreme-court case *Albertson's v. Sinclair*, on which the San Antonio court of appeals based its sua sponte reversal in Galpin's appeal, spoke specifically to the question of whether a plaintiff's timely filing of a copy of its petition with the Commission is jurisdictional. However, the language and reasoning of the opinion indicate a broader application. While concluding that the Commission filing requirement is mandatory, the Court also stated that "just because a statutory requirement is mandatory does not mean that compliance with it is jurisdictional." *Albertson's*, 984 S.W.2d at 961 (citing *Hines v. Hash*, 843 S.W.2d 464, 467 (Tex. 1992)). "When the statute is silent about consequences of noncompliance, we look to the statute's purpose in determining the proper consequences of noncompliance. [Citations omitted.] Further, we liberally construe workers' compensation legislation to carry out its evident purpose of compensating injured workers and their dependents." *Id.* Finally, the Court concluded that, even though the filing requirement is mandatory, "[n]evertheless, the liberal construction we must give workers' compensation laws precludes a jurisdictional interpretation." *Id.* The liberal construction we too must give workers' compensation laws compels the similar conclusion that, while venue in a particular county is mandatory, it is not jurisdictional.

---

[6] This is not a situation where during the relevant time when an attorney was allegedly negligent there was clear, controlling authority requiring an action that the attorney failed to take. Under such circumstances, the attorney would most likely have committed error, even despite later controlling authority reversing the state of law after the mandate in the underlying case had issued. However, such are not the facts of this case; rather, the state of the law was at least unclear, and in any event did not require the actions now advanced by Zenith.

In a case directly on point, this Court has since held that section 410.252(b) of the labor code applies to the venue of an appeal to the district court, but not to the court's jurisdiction to hear a particular type of case. *Hartford Underwriters Ins. Co. v. Hafley*, 96 S.W.3d 469, 473 (Tex. App.—Austin 2002, no pet.) (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000)). Looking to the terms of the statute, we concluded in *Hafley* that "[t]he section heading describes it as a venue provision. By its language, the section does not limit or create specific powers in a specific district court, nor does it indicate that other district courts should be denied jurisdiction over worker's compensation appeals." *Id.* "When a statutory prerequisite to suit is such that it affects only venue, without making any substantive change in the court's inherent power, it should not be held jurisdictional. . . . Therefore, [section 410.252] raises a question of venue, rather than subject-matter jurisdiction." *Id.* We hold that, as a matter of law, Zenith had no valid jurisdictional defense resting on a claim of mandatory venue. Wilkerson did not err in failing to assert this non-viable legal defense.

We now turn to Zenith's claim that Wilkerson's failure to assert the venue defense proximately caused it to lose on remand. To address this claim, we assume for the sake of argument that Wilkerson did breach the standard of care he owed to Zenith. Even if Wilkerson could have validly advanced the venue defense, Zenith would also have to prove that Wilkerson's omission was the proximate cause of its damages. When a legal-malpractice claim arises from prior litigation, the plaintiff has the burden to prove that but for the attorney's negligence, the plaintiff would be entitled to judgment, and to show what amount he would have recovered in the judgment. *Hall*, 911 S.W.2d at 424; *Mackie v. McKenzie*, 900 S.W.2d 445, 449 (Tex. App.—Texarkana 1995, writ denied).

12

Whether the attorney's negligence is the but-for, or proximate, cause of the client's unsuccessful suit is usually a question of fact. *See Millhouse v. Wiesenthal*, 775 S.W.2d 626, 627 (Tex. 1989) (recognizing general rule that causation is fact question, but finding that causation in appellate legal-malpractice case is question of law); *Mackie*, 900 S.W.2d at 449. "Nonetheless, causation may be determined as a matter of law if the circumstances are such that reasonable minds could not arrive at a different conclusion." *Mackie*, 900 S.W.2d at 449 (citing *Missouri Pac. R.R. Co. v. American Statesman*, 552 S.W.2d 99, 105 (Tex. 1977)); *see Swinehart v. Stubbeman, McRae, Sealy, Laughlin & Browder, Inc.*, 48 S.W.3d 865, 875 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (summary judgment proper if it is shown that attorney's act or omission was not cause of damages to client); *MND Drilling Corp. v. Lloyd*, 866 S.W.2d 29, 32 (Tex. App.—Houston [14th Dist.] 1987, no writ).

Because the "defense"—that Galpin's filing in the wrong county deprived the Bexar County court of jurisdiction—was not a legally valid defense, we conclude that no reasonable mind could conclude that but for Wilkerson's failure to assert this "defense," Zenith would ultimately have prevailed. Even if the original trial court had adopted Zenith's venue argument and granted a plea to the jurisdiction on that ground, the only reasonable conclusion is that when Galpin appealed the case, the San Antonio court of appeals would have ultimately held, in light of *Albertson's*, that the jurisdictional defense of venue was invalid, as discussed above. Because Zenith's ultimate victory hinged on the availability of this "defense," which is a question of law, our holding as to the availability of that defense makes the question of whether a failure to assert it resulted in Zenith's loss also a question of law.

13

Zenith alternatively argues that Wilkerson should have advanced the failure to bring suit in the proper county as an "affirmative defense," because it would have defeated Galpin's right to go forward with his suit. *See Dubai*, 12 S.W.3d at 76-77 (right of plaintiff to maintain suit, though sometimes treated as going to question of jurisdiction, more appropriately goes to right of plaintiff to relief). Although we agree with Zenith that bringing suit in the county of mandatory venue is necessary, any reasonable attorney receiving an answer alleging such an "affirmative defense" would file a motion to transfer venue to the proper county. Wilkerson's filing of a motion to transfer venue to the statutorily mandated county was not negligent, but rather competent and appropriate under the circumstances.[7] We overrule Zenith's issue as it relates to Wilkerson's failure to advance venue as a jurisdictional defense.

## B. *Misidentification*

Zenith also urges that the trial court improperly granted summary judgment because there is a fact issue on the elements of breach and proximate cause with respect to Wilkerson's failure to assert the "defense" of misidentification of the defendant in the underlying action. Citing *Roberts v. Tarrant County Junior College*, 842 S.W.2d 835, 836-37 (Tex. App.—Fort Worth 1992, writ denied), Zenith asserts that the failure to properly name the correct defendant in a petition deprives the court of jurisdiction to hear the case. *See also Brown v. McMillan Material Co.*, 108

---

[7] In rejecting Zenith's arguments, we note our reluctance to condone a rule that subjects competent attorneys to liability for failing to assert every conceivable defense tactic under the sun, despite the availability of alternative, well-known tools such as motions to transfer venue. The practice of law is adversarial enough without attorneys having to eschew expense- and time-saving measures such as agreed motions to transfer venue. Had Wilkerson pursued the venue-is-jurisdictional defense, he might even have been subject to sanctions for asserting a frivolous defense.

14

S.W.2d 914, 916 (Tex. Civ. App.—Eastland 1937, writ ref'd) (holding former act's requirement that suit be filed against proper defendant within twenty days was jurisdictional). However, Zenith ignores precedent from the supreme court holding that if a plaintiff can prove that the proper defendant was not prejudiced by a mistake in the pleading misidentifying it, then limitations would not operate to bar the suit. *See Enserch Corp. v. Parker*, 794 S.W.2d 2, 4-5 (Tex. 1990) (citing *Cont'l S. Lines, Inc. v. Hilland*, 528 S.W.2d 828, 831 (Tex. 1975)); *see also Flour Bluff Indep. Sch. Dist. v. Bass*, 47 Tex. Sup. Ct. J. 310, 2004 LEXIS 164 (Feb. 27, 2004) (per curiam) (statute of limitations tolled in misidentification cases if there are two separate, but related, entities that use similar trade name and correct entity had notice of suit and was not misled or disadvantaged by mistake); *Chilkewitz v. Hyson*, 22 S.W.3d 825, 830 (Tex. 1999) (same); *Ealey v. Insurance Co. of N. Am.*, 660 S.W.2d 50, 52 (Tex. 1983) (erroneous identification by insurance carrier of itself in petition did not disadvantage defendant, where petition and prior proceedings before Industrial Accident Board made it clear which party was appealing Board's decision); *Sanchez v. Aetna Cas. & Surety Co.*, 543 S.W.2d 888, 890 (Tex. Civ. App.—San Antonio 1976, writ ref'd n.r.e.) (same).

Zenith's argument relies on the presumption that, had Wilkerson asserted the defense that the wrong arm of the Zenith companies had been sued, or had he moved to dismiss the suit because of the misidentification, Galpin's suit would have been disposed of and Zenith ultimately would have prevailed. However, even if Wilkerson had proceeded as Zenith now claims he should have, Galpin would still have been able to amend his pleadings and sue the proper Zenith company under supreme-court precedent allowing the tolling of limitations when a party has been misidentified and there is no prejudice to that party by the mistake. *See Enserch*, 794 S.W.2d at 5;

*Hilland*, 528 S.W.2d at 831. The evidence shows that Zenith would not have been prejudiced,[8] and we conclude that Zenith's misidentification argument has no merit on either the breach or proximate-cause prongs of a negligence claim. We overrule Zenith's issue as it relates to the misidentification theory.

## CONCLUSION

As a matter of law, Wilkerson did not breach the duty of care owed to Zenith nor did Wilkerson's representation proximately cause Zenith's alleged injury. We affirm the district court's grant of summary judgment in favor of Wilkerson.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:   March 25, 2004

---

[8] The record indicates that both "Zenith Insurance Company" and "Zenith Star Insurance Company" were indicated on different filings by both sides in the Commission proceedings. Also, Wilkerson directed all of his communication, oral and written, to Zenith Insurance Company throughout the administrative and judicial proceedings. Wilkerson's affidavit states that Zenith personnel were aware of the misidentification immediately and consented to the substitution of "Zenith Star" as the proper defendant.

16