

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-12-00166-CV
_____

TRAVIS HAZLEWOOD, APPELLANT

V.

S. GARY WERLEY, APPELLEE

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2011-000239-1; Honorable Don Pierson, Presiding

June 18, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

This is an appeal from the granting of both a traditional and no-evidence motion for summary judgment. Appellant, Travis Hazlewood, perfected this appeal from the trial court's summary judgment in favor of Appellee, S. Gary Werley, in his suit for collection of attorney's fees for services rendered. By two issues, Hazlewood contends the trial court erred in (1) granting summary judgment for Werley "when there was evidence to support forfeiture of Werley's attorney's fees" and (2) sustaining Werley's

objections to his summary judgment evidence. Because we find there to be genuine issues of material fact raised by summary judgment evidence properly before the trial court, we reverse the judgment of the trial court and remand this cause for further proceedings.

## BACKGROUND

Hazlewood entered into a series of verbal agreements with Werley, a licensed attorney, to represent him in three separate lawsuits:

(1)     Cause No. 348-237548-09, in the 348th District Court, Tarrant County, Texas, styled *Travis Hazlewood, George Hazlewood, Erin Hazlewood Pabody and Sealy Four Well Company d/b/a Sweetwater Well Service v. Trace Robbins, Brad White, Richard Evans, Jerry L. Browning and Millican Well Service, LLC*, (the *Millican* suit),

(2)     Cause No. 17-224927-07, in the 17th District Court, Tarrant County, Texas, styled *Travis Hazlewood v. William Lafavers v. Sealy Four Company d/b/a Sweetwater Well Service,* (the *Lafavers* suit),

(3)     Cause No. ___, in the County Court of Law No. 2, Tarrant County, Texas, styled *Travis W. Hazlewood, Assignee v. Vann Cattle Yards, Inc.,* (the *Vann Cattle* suit).

The *Millican* suit involved a breach of contract claim and tortious interference with a contract.[1] The *Lafavers* case was a breach of contract case in which Hazlewood raised

---

[1] Robbins, White and Evans had an exclusive contract with Hazlewood's business concerning well drilling services. Hazlewood accused Browning and Millican of tortious interference with that contract. Browning and Millican filed a no-evidence motion for summary judgment arguing they had no knowledge of the exclusive contract. That motion was granted, and the claims against them were dismissed. The remaining claims against Robbins, White and Evans are now being handled by Hazlewood's new attorney, David Farris.

the affirmative defense of excused performance.[2]  The *Vann Cattle* case was a suit on a sworn account to recover payment for repairs made to a pump.

Hazlewood became dissatisfied with Werley's management of the cases and retained new counsel.  Werley then billed Hazlewood for services rendered, and after his bills went unpaid, sued his former client for breach of an oral contract.  Acting *pro se,* Hazlewood entered a general denial.  Werley then filed a traditional motion for summary judgment contending his claim was established as a matter of law.  Hazlewood responded to the summary judgment motion by contending there were genuine issues of material fact that precluded summary judgment, including issues related to whether Hazlewood was personally liable for services rendered on behalf of other parties, the professional competence of services rendered and breach of fiduciary duties.  Werley filed a supplemental motion for summary judgment contending Hazlewood was responsible for the services rendered on behalf of all parties and raising a "no evidence point" concerning the breach of fiduciary duties allegations.  On August 19, 2011, the trial court denied Werley's motion and supplemental motion for summary judgment.

On October 28, 2011, Werley filed a new hybrid motion for summary judgment again alleging both traditional and no evidence grounds.[3]  In the traditional portion of the motion, Werley asserted his fee was reasonable in and for Tarrant County, presentment of his claim had been made to Hazlewood, and Hazlewood was "primarily responsible"

---

[2] Hazlewood brought this case to Werley in February 2010 with a trial setting of March 2010.  At the same time, Werley substituted in as the attorney of record in the *Millican* case.

[3] A hybrid motion that clearly sets forth its grounds and otherwise meets the requirements of Rule 166a of the Texas Rules of Civil Procedure is sufficient, although the better practice is to file two separate motions.  *See Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004).

for the debt. The motion was supported by various documents and Werley's personal affidavit which included business records reflecting the services rendered. In the no-evidence portion of the motion, Werley asserted there was no evidence of breach of a fiduciary duty or the improper acquisition of benefits from the attorney/client relationship.

On November 18, 2011, Hazlewood amended his original answer, asserting the "affirmative defense" of "professional malpractice."[4] Specifically, he alleged Werley failed to provide competent legal representation in the *Lafavers* suit by failing to (1) conduct discovery, (2) prepare an outline for trial, (3) depose two witnesses, W.L. Stribling and Arthur Hopkins, (4) cross-examine Stribling at trial, (5) file proposed findings of fact and conclusions of law, (6) object to Lafavers's findings of fact and conclusions of law, (7) file a motion for new trial, and (8) perfect an appeal. Hazlewood further alleged Werley failed to provide competent legal representation in the *Millican* suit by failing to (1) conduct discovery, (2) timely reply to a motion for summary judgment, (3) prepare a reply to objections to summary judgment evidence, (4) appear at a hearing, and (5) maintain attorney/client confidences. The same day, Hazlewood responded to Werley's traditional and no-evidence motion for summary judgment by contending there were genuine issues of material fact that precluded summary judgment, including issues related to whether Werley acted as a reasonable and prudent attorney in the matters he was hired to defend or prosecute.

Werley filed a new no-evidence motion for summary judgment addressing Hazlewood's professional malpractice claims. On January 10, 2012, Hazlewood filed a

---

[4] At the same time, Hazlewood filed a counterclaim seeking affirmative relief for professional malpractice; however, that claim was subsequently non-suited.

response to that motion contending that genuine issues of material fact existed concerning whether (1) Werley breached the duty of care owed to Hazlewood, (2) that breach caused injuries, and (3) damages occurred as a result thereof. Among other summary judgment evidence, Hazlewood supported his response by attaching (1) his personal affidavit and (2) a letter from Lafavers's appellate counsel, Greg Standefer. In addition to contending that Werley provided incompetent legal representation in the *Millican* and *Lafavers* suits along the lines set forth in his amended answer, Hazlewood asserted Werley failed to conduct discovery and timely apply for a trial date in the *Vann Cattle* case.

On January 17, 2012, the date scheduled for submission of Werley's summary judgment motions, Werley objected to Hazlewood's affidavit, contending it was conclusory and speculative, not admissible and not competent summary judgment evidence because Hazlewood was not qualified as an expert regarding the standard of care Werley may have owed Hazlewood or whether Werley had breached that standard of care. Werley did not object to the other summary judgment evidence. The trial court sustained the objection to Hazlewood's affidavit and ultimately granted summary judgment in Werley's favor. This appeal followed.

## STANDARD OF REVIEW—TRADITIONAL MOTION

In reviewing a summary judgment, this Court must apply well-established standards. We review the granting of a motion for summary judgment *de novo. Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). "In reviewing a summary judgment, we consider all

5

grounds presented to the trial court and preserved on appeal in the interest of judicial economy." *Diversicare Gen. Partner*, *Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). That said, issues not expressly presented to the trial court by written motion, answer or other response are not considered on appeal as grounds for reversal. TEX. R. CIV. P. 166a(c). When the trial court does not specify the grounds for its ruling, a summary judgment will be affirmed if any of the grounds presented in the motion are meritorious. *Merriman v. XTO Energy*, *Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

The party moving for a traditional summary judgment bears the burden of proving his entitlement thereto as a matter of law. *Roskey v. Texas Health Facilities Com.*, 639 S.W.2d 302, 303 (Tex. 1982). Summary judgment is appropriate when there is no genuine issue as to any material fact and judgment should be granted in favor of the movant as a matter of law. *Diversicare Gen. Partner*, *Inc.*, 185 S.W.3d at 846. A fact issue exists if there is more than a scintilla of probative evidence. TEX. R. CIV. P. 166a(c), (i). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Merrell Dow Pharmaceuticals v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed. 2d 939 (1998). In conducting our review, we are required to review the summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference, and all doubts are resolved against the movant. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (citing *City of Keller*, 168 S.W.3d at 823).

Under Texas Rule of Civil Procedure 166a(i), after an adequate time for discovery, a party may move for summary judgment on the ground there is no evidence to support one or more of the essential elements of the nonmovant's claim or defense. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). The motion must specifically set forth the elements of the nonmovant's claim or defense which the movant contends are unsupported by any evidence. *Id.* Once the motion is filed, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the challenged element or elements. *See Mack Trucks*, *Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Forbes, Inc. v. Mem. Med. Ctr. of E. Tex.,* 105 S.W.3d 167, 172 (Tex. 2003); *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 207 (Tex. 2002).

In reviewing a trial court's decision to grant the movant's no-evidence motion, we must ascertain whether the nonmovant (Hazlewood) produced any evidence of probative force to raise a fact issue concerning the challenged element or elements, and in doing so, we must consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *Havner,* 953 S.W.2d at 711. A no-evidence challenge is proper when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *King Ranch v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003). As stated before, more than a scintilla of evidence exists when the evidence "rises to a level that would enable

reasonable and fair-minded people to differ in their conclusions." *City of Keller*, 168 S.W.3d at 827. Therefore, a nonmovant will defeat a no-evidence summary judgment by presenting the trial court with some evidence on each challenged element of his claim or defense.

## FEE FORFEITURE AS AN AFFIRMATIVE DEFENSE

The Texas Supreme Court has recognized that some or all of an attorney's compensation for services rendered may be forfeited if the attorney engages in a clear and serious violation of a duty owed to a client. *Burrow v. Arce*, 997 S.W.2d 229, 237 (Tex. 1999) (citing RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 49 (Proposed Final Draft No. 1, 1996)). This principle is not based upon a "penalty for the breach of trust but is based on the fact that the [attorney] has not rendered or has not properly rendered the services for which compensation is given." *Id.* at 238. Therefore, in the context of a suit to recover attorney's fees, forfeiture of fees is in the nature of an excuse for non-performance of an agreement to pay for services rendered.

To establish a violation of a duty owed to a client the claimant must establish (1) a duty, (2) a breach of that duty, (3) causation and (4) damages. *See Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Deve. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009). *See also Cosgrove v. Grimes*, 774 S.W.2d 662, 665 (Tex. 1989).

Generally, in determining whether there has been a breach of a duty owed to a client, an attorney is held to the same standard of care which would be exercised by a reasonably prudent attorney. *Cosgrove*, 774 S.W.2d at 664. When the claimant's allegation is that some failure on the attorney's part caused an adverse result in prior

8

litigation, he must produce evidence from which a jury may reasonably infer the attorney's conduct caused the alleged damages. *See Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 117 (Tex. 2004) (citing *Haynes & Boone v. Bowser Bouldin, Ltd.*, 896 S.W.2d 179, 181 (Tex. 1995)). An adverse result is not proof of causation, and causation is not presumed. *Haynes & Boone*, 896 S.W.2d at 181-82. The trier of fact must have some basis for understanding the causal link between the attorney's breach of duty and the client's injury. *Id.* In some cases, the client's testimony may provide the link, but in others, expert testimony is required to prove what the attorney should have done under the circumstances. *Alexander*, 146 S.W.3d at 119. The expert testimony must be tied to the specific conduct that is in issue, *id.* (citing 5 MALLEN & SMITH § 33.17 at 138-39), because matters of judgment and "tactical choices made during litigation are generally matters beyond the ken of most jurors." *Id.*[5]

Ordinarily, causation is a question of fact. *See Grider v. Mike O'Brien, P.C.*, 260 S.W.3d 49, 55 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). However, when causation is a question of law, expert testimony is not required. *See Zenith Star Ins. Co. v. Wilkerson*, 150 S.W.3d 525, 531-32 (Tex. App.—Austin 2004, no pet.). Causation is a question of law when a claimant alleges his attorney breached a duty by failing to raise a certain defense, and the question before the court is whether the defense was legally valid. *Id.* at 531.

---

[5] Some examples of malpractice actions that did not require expert testimony on causation involved cases in which the clients themselves were the key decision makers relying on their attorney's advice with unfortunate consequences and which did not involve trial malpractice. *See Alexander*, 146 S.W.3d at 119 (citing *Delp v. Douglas*, 948 S.W.2d 483, 495 (Tex. App.—Fort Worth 1997), *rev'd on other grounds*, 987 S.W.2d 879 (Tex. 1999); *Streber v. Hunter*, 221 F.3d 701, 726 (5th Cir. 2000).

**ANALYSIS**

Addressing Hazlewood's issues in a logical rather than sequential order, we begin by addressing issue two in which he complains of the trial court's ruling sustaining Werley's objections to his affidavit. In this proceeding, Hazlewood asserted a claim of forfeiture of attorney's fees based on (1) the duty owed to him by Werley, (2) breach of that duty, and (3) resulting damages. By his no-evidence motion for summary judgment Werley asserted those claims were unsupported by any evidence. In this context, the trial court was required to grant Werley's motion unless Hazlewood produced more than a scintilla of evidence raising a genuine issue of material fact concerning the challenged elements. *See Hamilton*, 249 S.W.3d at 426.

This Court held in *Kothmann v. Cook*, No. 07-05-0335-CV, 2007 Tex. App. LEXIS 2778, at *10-11 (Tex. App.—Amarillo April 11, 2007, no pet.) (mem. op.), that breach of fiduciary duty claims require expert testimony on breach and causation where the determination of those issues "is not one that lay people would ordinarily be competent to make." Werley argued in the trial court and argues on appeal that Hazlewood is not an expert concerning the duties an attorney owes a client and, therefore, he is not qualified to testify concerning the breach of those duties. Hazlewood argues that Werley's failings were so numerous and flagrant that a lay person would be competent to make that determination, dispensing with the need for expert testimony.

To be competent summary judgment evidence, an objected-to affidavit must show affirmatively that the stated facts sought to be proven therein would be admissible

in evidence at a conventional trial and that the affiant is competent to testify to the matters stated therein. *Ryland Grp., v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). Testimony comprised only of legal conclusions is insufficient to support a motion or raise an issue in a summary judgment case. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991). Here, Hazlewood's affidavit alleges instances of a perceived breach of professional duties owed to him by Werley. Specifically, he avers that in the *Lafavers* case, Werley did not notify him of a pending Deceptive Trade Practices counterclaim causing him to be unable to participate in defending against it.

Hazlewood also complains of Werley's failure to appear at a no-evidence summary judgment hearing filed in the *Millican* case. Werley testified at the motion for new trial hearing in that case that he had the time of the hearing entered incorrectly on his calendar. Despite the court coordinator and trial court judge having contacted him when he missed the hearing, he made the conscious decision not to appear and delay the court's schedule. He further added that because it was a summary judgment hearing, there was no additional evidence to present in response to Millican's no-evidence motion.

Hazlewood also avers that Werley violated the attorney/client privilege by giving his opinion on the merits of the *Millican* case during the hearing on the motion for new trial of that case. When questioned by counsel for Millican, Werley responded, "I can't go into that." The follow-up question was, "What do you mean, you can't go into that?" Werley answered, "That's attorney-client privilege." Hazlewood's new attorney then waived the privilege and questioning continued. Werley then gave his opinion that the *Millican* case was not well founded and should never have been filed. Werley contends

11

that he did not violate the attorney/client privilege as alleged because Hazlewood had waived the privilege.

The remainder of Hazlewood's affidavit describes instances in which he requested Werley to conduct discovery, file pleadings, and depose certain witnesses and even suggested the content of cross-examination of those witnesses. Decisions concerning which witnesses to call, what testimony to obtain or when to cross-examine a given witness are, almost invariably, matters of professional judgment. *See Alexander*, 146 S.W.3d at 119 (citing 4 MALLEN & SMITH § 30.39 at 561). Strategic and tactical choices in litigation are best left to attorneys and experts. *Id.* Because Hazlewood was not qualified to opine on matters concerning the existence and violation of the professional duties owed a client by an attorney, we agree in part with the trial court's order sustaining Werley's objections as to those portions of Hazlewood's affidavit. Therefore, issue two is sustained as to averments of fact, but overruled as to matters of professional judgment.

Returning to his first issue, Hazlewood contends the trial court erred in granting summary judgment when there was evidence to support forfeiture of Werley's attorney's fees. More precisely, the argument is that his claims of fee forfeiture raise genuine issues of material fact concerning a defense which would preclude the trial court from granting judgment in favor of Werley.

It is undisputed that Werley and Hazlewood were in an attorney/client relationship. Therefore, we know Werley owed Hazlewood certain duties arising from that relationship. While we have just held that Hazlewood's affidavit is incompetent

12

summary judgment evidence to establish the nature of those duties or their breach, that affidavit was not the only summary judgment evidence before the trial court concerning a breach of professional duties. In that regard, one of Hazlewood's allegations of breach of duty was that Werley failed to perform the very services for which he was hired by failing to request findings of fact and conclusions of law in the *Lafavers* case, which made his appeal in that case "an uphill battle."[6] Hazlewood supports this contention with an unobjected-to letter from Lafavers's appellate counsel in the appeal of that cause. Attorney, Greg Standerfer, filed a "Letter of Authorities" with the Eighth Court of Appeals arguing that Werley's failure to obtain findings of fact and conclusions of law on behalf of Hazlewood waived the affirmative defense of excused performance. We find that letter to be evidence from an expert in the field of law sufficient to raise a genuine issue of material fact in support of Hazlewood's affirmative defense of fee forfeiture. Furthermore, Hazlewood's affidavit concerning matters of fact not dependent on the existence or violation of a professional duty owed a client by an attorney are still competent summary judgment evidence raising genuine issues of material fact concerning performance of the very services which are the subject of the breach of contract claim being asserted by Werley. Issue one is sustained.

## CONCLUSION

Having found genuine issues of material fact exist on whether Werley's claim for the recovery of attorney's fees was established as a matter of law or is subject to

---

[6] Hazlewood asserted an affirmative defense of excused performance in the *Lafavers* case and demanded that Werley request findings of fact and conclusions of law. None were requested or filed on the elements of his affirmative defense. Without findings of fact and conclusions of law, Hazlewood's affirmative defense was waived on appeal. *See RM Crowe Prop. Servs. Co.*, *L.P. v. Strategic Energy*, *L.L.C.*, 348 S.W.3d 444, 449 (Tex. App.—Dallas 2011, no pet.).

forfeiture, we reverse the trial court's *Amended Summary Judgment* and remand the cause to the trial court for further proceedings consistent with this opinion.


Patrick A. Pirtle
Justice